626 So.2d 338 (1993)
Joseph PASKOSKI, individually, and as trustee of the Gordon H. Johnson Restated Revocable Trust, Petitioner,
v.
Nancy C. JOHNSON, Barry Real Estate Fund I, Ltd., a Florida limited partnership and William E. Johnson, Respondents.
No. 93-2065.
District Court of Appeal of Florida, Fourth District.
November 17, 1993.
*339 Charles L. Curtis of Doumar, Curtis, Cross, Laystrom & Perloff, Fort Lauderdale, for petitioner.
Walter G. Latimer of Walter G. Latimer, P.A., Fort Lauderdale, for respondent Nancy C. Johnson.
PER CURIAM.
We agree with the petitioner that the trial court erred in determining that the trustee could not assert an attorney-client privilege or other privileges with respect to communications between the trustee and the trustee's lawyer and accountant in litigation between the trustee and a trust beneficiary. See In re Estate of Gory, 570 So.2d 1381 (Fla. 4th DCA 1990); Barnett Banks Trust Company, N.A. v. Compson, 629 So.2d 849 (Fla. 2d DCA 1993). We also agree with the petitioner that he is entitled to have the trial court conduct an in camera inspection of the materials specifically claimed to be exempt from discovery before those materials should be disclosed. See Allstate Insurance Company, Inc. v. Walker, 583 So.2d 356 (Fla. 4th DCA 1991). The petitioner retains the burden in the trial court to demonstrate his entitlement to protection from production for particular materials.
Accordingly, we grant the petition, quash the order requiring production and direct the trial court to proceed in accord with this opinion.
DELL, C.J., and ANSTEAD and GUNTHER, JJ., concur.