680 So.2d 1109 (1996)
William SHAFNAKER, Sr. and Catherine Darbyshire, f/n/a Catherine Shafnaker, et al., Petitioners,
v.
James E. CLAYTON, et al., Respondents.
No. 96-614.
District Court of Appeal of Florida, First District.
October 11, 1996.
*1110 Virginia Buchanan of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for petitioners.
Charles B. Carter and Mary E. Adkins, Gainesville, for respondents.

OPINION ON MOTION FOR CLARIFICATION
WOLF, Judge.
We grant respondents' motion for clarification and substitute the following opinion for the original.
Petitioners, plaintiffs in a legal malpractice suit, seek certiorari review of an order of production for files protected by attorney-client privilege. Because the trial court departed from the essential requirements of law by finding that attorney-client privilege did not apply, we grant relief sought by petitioners and quash the order.
The number of parties involved in the underlying malpractice suit makes the facts difficult to digest. The Shafnakers, petitioners, had a claim against Orkin for negligent application of hazardous chemicals in their home in 1987 or 1988. Petitioners had originally retained the law firm of Searcy, Denny, Scarola, Barnhart, and Shipley (Barnhart) in 1989. They then discharged Barnhart and hired the defendants in the underlying suit, Clayton, Johnston, Quincey, Ireland, Felder, Gadd, and Roundtree (respondents). Petitioners claim they were later told by respondents, after the statute of limitations had run for the 1987 claim, that they would not be pursuing a claim and advised petitioners to hire another attorney before the statute of limitations expired for the 1988 exposure. Subsequently, petitioners retained the law firm of Perry & Vloedman (Perry). Perry withdrew from the case and petitioners retained Attorney Paul Nelson. Nelson eventually negotiated a settlement between Shafnakers and Orkin.
Petitioners filed the instant case, a legal malpractice suit, against respondents. Respondents filed a motion for production to enforce two subpoenas duces tecum directed against Barnhart, the Shafnakers' original attorney, and Perry, the Shafnakers' subsequent attorney.[1] The subpoena for Barnhart demands:
All documents in your file having to do with your representation, proposed representation or intended representation of the Plaintiffs in this case regarding possible liability on the part of Orkin Extermination Company, Inc. for application of chemicals to the plaintiffs' home, including all documents representing presuit investigation.
The subpoena for Perry requested:
The complete, full and original legal file and all documents accumulated in your position as attorney for (Shafnaker), including but not limited to correspondence, notes, pleadings, bills, receipts for payments, etc. from January 1992 through October of 1993.
Over the Shafnakers' objections, the court granted respondents' motion for production because it found that the attorney-client privilege *1111 did not apply to the discovery being sought in this case. The court found that petitioners had an obligation to produce the requested records from attorneys Barnhart and Perry. We disagree.
Although generally communications between attorney and client are protected from discovery, 90.502(4)(c) provides:
(4) There is no lawyer-client privilege under this section when:
(c) A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship.

(Emphasis supplied).
Respondent claims that under this section there should be no attorney-client privilege between the Shafnakers and any of the attorneys they retained involving the Orkin case. This exception to attorney-client privilege, however, excludes otherwise privileged information between the attorney being sued for legal malpractice and the client being sued. The exclusion has been interpreted to be very limited, applying only to the particular transaction which resulted in the malpractice action, and not to any other aspects of the relationship between client and attorney. Procacci v. Seitlin, 497 So.2d 969 (Fla. 3d DCA 1986). See also Reed v. State, 640 So.2d 1094 (Fla.1994) (holding privilege was waived only as to matters specifically at issue in court action). Based on our reading of the statute and the relevant case law pertaining to attorney-client privilege, we can not accept respondents' and the trial court's broad interpretation of section 90.502(4)(c), allowing discovery by an attorney of a former client's files with other attorneys.
Respondents also argue that the Shafnakers waived attorney-client privilege with their other attorneys when they brought their own and respondents' credibility into issue. The trial court, however, made no finding that the Shafnakers waived this privilege. Nor are there sufficient facts to establish that petitioners waived their attorney-client privilege.
In the instant case, the issue is whether respondents allowed the statute of limitations to run on the 1987 claim. Respondents claim that the privileged information is vital to their defense that the facts petitioners told them were different than what they may have told Perry or Barnhart. However, the mere possibility that petitioners may not have been fully candid with respondents does not constitute a waiver of attorney-client privilege with other attorneys. Cuillo v. Cuillo, 621 So.2d 460 (Fla. 4th DCA 1993); Long v. Murphy, 663 So.2d 1370 (Fla. 5th DCA 1995).
In Cuillo, a wife sued to invalidate an antenuptial agreement alleging that the husband fraudulently misrepresented the nature and extent of his assets. The husband argued that conversations between the wife and her lawyer at the time of the negotiations were relevant to what she knew and relied on at the time they entered into the agreement, and therefore, the attorney-client privilege was waived. The third district disagreed, finding that the fact that privileged communications occur regarding a specific transaction which is later litigated does not eliminate the privilege even if there is a possibility that the credibility of a party could be impeached by such communications. Cuillo, 621 So.2d at 462.
Similarly, in Long, appellant sued his former attorney for malpractice, and brought a lawsuit against the defendant for misrepresentation. The defendant sought to discover all of Long's communications with his former attorney. Long, 663 So.2d at 1371. The court found that Long had not waived his attorney-client privilege. Relying on Cuillo, the court held,
Proof of privileged communications to dispute reasonable reliance may well be relevant to the defense in this case, but that alone does not waive the privilege. Long must do something more than sue on the alleged misrepresentations made to him by Murphy and the other defendants before it can properly be held that Long waived his privilege for communications with his attorneys during the negotiations.
Long, supra at 1372.
*1112 In the instant case, respondents are trying to discover what petitioners actually knew and what they told other attorneys that they knew. We find this situation no different than that of the parties seeking to force discovery of privileged information in Cuillo, supra, and Long, supra. Because the order was a departure from the essential requirements of law and this departure will cause harm that will not be curable on review of the final judgement, the petition for review is granted and the order is quashed.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] Respondents also subpoenaed Nelson's files involving the eventual settlement between Orkin and the Shafnakers. Those files have already been turned over to respondents and are not included in the Order of Production currently under review.