715 So.2d 1021 (1998)
Joseph F. COYNE, as Trustee of Saturn Realty Trust, a Massachusetts business trust, and Saturn Realty Trust, Petitioners,
v.
SCHWARTZ, GOLD, COHEN, ZAKARIN & KOTLER, P.A., and Edward B. Cohen, Respondents.
No. 97-4069.
District Court of Appeal of Florida, Fourth District.
July 22, 1998.
Rehearing Denied August 21, 1998.
John H. Pelzer and Paul B. Ranis of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for petitioners.
Roderick F. Coleman of Coleman & Associates, P.A., Coral Gables, for respondents.
STEVENSON, Judge.
Petitioners, Joseph F. Coyne, as Trustee of Saturn Realty Trust, and Saturn Realty Trust, seek certiorari review of an order overruling their objections to a request for production on the grounds of attorney-client privilege and the work product doctrine. We *1022 grant the petition on the ground of attorney-client privilege and quash the trial court's order of production.
Petitioners are plaintiffs in a lawsuit for legal malpractice filed against the law firm of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A. and attorney Edward Cohen (hereinafter collectively referred to as "Schwartz, Gold"), based on an erroneous title certification provided to Saturn by Schwartz, Gold regarding a replat of a portion of a subdivision known as "Jupiter Key." Petitioners claim that they began construction of townhouses at Jupiter Key in reliance upon this title certification. Blue Reef Holding Corp., Inc., owner of two lots at Jupiter Key, then filed suit against Saturn and others seeking cancellation of the replat and injunctive and other relief, alleging that the replat's reduction of the size of the common recreation area violated the Declaration of Covenants and Restrictions for Jupiter Key.
Saturn retained attorney Brian McHugh and the law firm of Ruden, McClosky, Smith, Schuster & Russell, P.A. (hereinafter collectively referred to as "Ruden, McClosky") to defend the Blue Reef lawsuit. Saturn settled that lawsuit, but, in the instant litigation, is now suing Schwartz, Gold, its former lawyers, for malpractice, seeking damages.
Petitioners claim that they have produced all correspondence between Saturn and Schwartz, Gold pertaining to the Blue Reef lawsuit. They refused, however, to produce correspondence between Saturn and Ruden, McClosky, its current attorneys, concerning the Blue Reef litigation, objecting on the grounds of attorney-client privilege and the work product doctrine. The trial court held a hearing on the dispute, where Schwartz, Gold argued that any such privileges were waived when petitioners sued the attorneys representing them. Counsel pointed out that one of the defenses raised by Schwartz, Gold is that successor counsel, Ruden, McClosky, also advised Saturn to proceed with the subject development, thereby raising possible issues of causation and intervening negligence.
Certiorari review extends to discovery orders which depart from the essential requirements of law, cause material injury to a petitioner throughout the remainder of the proceedings, and effectively leave no adequate remedy on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987). Orders compelling production of matters claimed to be protected by the attorney-client privilege or work product doctrine present the required potential for irreparable harm. See Martin-Johnson, Inc.

Attorney-Client Privilege
Florida law provides that the attorney-client privilege affords
[a] client [the] privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client.
§ 90.502(2), Fla. Stat. (1997).
Respondents Schwartz, Gold argue that any attorney-client privilege which attached to the requested documents in the instant case was waived when they asserted the negligence of successor counsel, Ruden, McClosky, in the Blue Reef lawsuit as a defense. Respondents rely on section 90.502(4)(c) which provides:
(4) There is no lawyer-client privilege under this section when:
. . . . .
(c) A communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship.
We cannot agree that this exception to the attorney-client privilege applies here.
In Shafnaker v. Clayton, 680 So.2d 1109 (Fla. 1st DCA 1996), the First District granted certiorari and quashed an order directing production of documents in the possession of the clients' former attorneys, finding them to be protected under the attorney-client privilege. There, the former clients had been represented by, and had dismissed, some three law firms in connection with their lawsuit *1023 against an exterminating company. They settled their lawsuit when represented by the fourth law firm. The former clients sued the second law firm for malpractice, and that firm sought discovery from the first and third firms. The second law firm [the malpractice defendant] contended that the privileged information sought from the first and third firms was vital to their defense in that facts petitioner told them were allegedly different than what they had told the other firms. The trial court ordered production as requested. The First District, in quashing that order, held that the documents were protected by the attorney-client privilege and section 90.502(4)(c) of the Florida Evidence Code, specifically. The court, in Shafnaker, wrote:
This exception to attorney-client privilege [section 90.502(4)(c)] ... excludes otherwise privileged information between the attorney being sued for legal malpractice and the client being sued. The exclusion has been interpreted to be very limited, applying only to the particular transaction which resulted in the malpractice action, and not to any other aspects of the relationship between client and attorney. Procacci v. Seitlin, 497 So.2d 969 (Fla. 3d DCA 1986). See also Reed v. State, 640 So.2d 1094 (Fla.1994)(holding privilege was waived only as to matters specifically at issue in court action).... [W]e cannot accept respondents' and the trial court's broad interpretation of section 90.502(4)(c), allowing discovery by an attorney of a former client's files with other attorneys.
Id., 680 So.2d at 1111 (emphasis added).
We agree with the reasoning in Shafnaker and find that it applies with equal force to support petitioners' claim of attorney-client privilege in this case. We recognize that the fact that respondents have pointed to the negligence of the successor firm as a defense to the malpractice suit may make the requested documents relevant. Nevertheless, here, as in Shafnaker, the mere relevance of those documents does not override the privilege. Thus, we grant the petition for certiorari as to the claim of attorney-client privilege.

Work Product
Petitioners also asserted that the documents were work product and that the request for production called for matters irrelevant to the lawsuit. A mere claim of irrelevance does not rise to the level required, that of irreparable harm, for certiorari to lie. See Eberhardt v. Eberhardt, 666 So.2d 1024 (Fla. 4th DCA 1996). As for the claim of work product, petitioners have offered no evidence in support of this claim, nor did they even argue it at the hearing below. Therefore, we cannot conclude that the trial court's ruling, as it pertains to the work product doctrine, constituted a departure from the essential requirements of law. See Old Stone Bank v. Farris, 647 So.2d 916 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 271 (Fla.1995). Accordingly, we deny the petition as to the claim of work product and dismiss as to the claim of irrelevance.
In sum, we grant the petition for writ of certiorari as to the claim of attorney-client privilege, quash the trial court's October 27, 1997 order, and remand with direction to the trial court to hold an in-camera inspection of the requested documents to determine which documents are privileged and, thus, protected from disclosure.
OWEN, WILLIAM C., Jr., Senior Judge, concurs.
STONE, C.J., dissents with opinion.
STONE, Chief Judge, dissenting.
I would deny the petition. In my judgment, the privilege as to related communications with successor attorneys is waived by the client's bringing this action.