720 So.2d 537 (1998)
Rudy VOLPE, Giorgio Volpe and G & R Volpe, Inc., a Florida corporation, Petitioners,
v.
CONROY, SIMBERG & GANON, P.A., a professional association, f/k/a Conroy, Simberg & Lewis, P.A., a professional association, John E. Herndon, Jr. and Robert A. Selig, Respondents.
No. 97-4304.
District Court of Appeal of Florida, Fourth District.
August 5, 1998.
Rehearing Denied September 29, 1998.
*538 Warren R. Trazenfeld of Warren R. Trazenfeld, P.A., Miami, for petitioners.
Jay B. Green of Green & Ackerman, P.A., Fort Lauderdale, for respondents.
WARNER, Judge.
Over the attorney-client objection of petitioners, the Volpes, the trial court ordered the production of communications between petitioners and their personal attorneys. The Volpes claim that their communications with their personal attorneys are protected when sought by respondent, Conroy, Simberg & Gannon (CSG), who is the law firm hired by the Volpes' insurance company to represent them in connection with a lawsuit which the insurance company agreed to defend. The Volpes petition this court for a writ of certiorari, claiming that the trial court departed from the essential requirements of law in ordering the production of privileged communications. We agree that the communications are privileged.
The Volpes were involved in construction litigation in which their insurance company hired CSG to represent the Volpes under a reservation of rights. The Volpes also hired their own personal counsel, both attorney Selz and attorney Fleck, to represent them in the litigation. After the completion of the original litigation, which resulted in the insurance company not paying the entire judgment, the Volpes sued CSG for malpractice, claiming that CSG failed to advise them as to whether or not the insurance company would indemnify them against any adverse judgment. As an affirmative defense, CSG alleged that the actions of Selz and Fleck contributed to the Volpes' damages and would either bar or reduce any recovery. During discovery, CSG took the depositions of both Selz and Fleck. When both attorneys were asked what discussions they had with the Volpes regarding the coverage questions raised by the reservation of rights letter, both asserted the attorney-client privilege.
CSG moved to compel Selz and Fleck to answer the questions and produce communications between them and the Volpes. It claimed that the communications may show that Selz and Fleck advised the Volpes regarding the insurance question. If that were so, CSG asserted, then the Volpes could not show that CSG's negligence in failing to advise them on the insurance coverage question was the proximate cause of their loss. CSG also claimed that the communications would not be privileged under section 90.502(4)(c), Florida Statutes (1997). The trial court entered an order compelling discovery from the attorneys.
Although section 90.502(4)(c) provides that there is no attorney-client privilege where "[a] communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from *539 the lawyer-client relationship" (emphasis added), that exception has been narrowly interpreted to apply only to the particular transaction which resulted in the malpractice action, and not to any other aspects of the relationship between the client and the attorney. See Shafnaker v. Clayton, 680 So.2d 1109, 1111 (Fla. 1st DCA 1996). In Shafnaker, the client discharged his first lawyer, and then hired a second law firm. A third lawyer was hired when the second law firm allowed the statute of limitations to expire on the client's claim. The client sued the second law firm, who then sought production of all of the communications between the client and the first and third lawyers, claiming that it was vital to the law firm's defense. Citing to this court's decision in Cuillo v. Cuillo, 621 So.2d 460 (Fla. 4th DCA 1993), the Shafnaker court held that the communications were subject to the privilege. See id. at 1111-12. That the privileged communications occurred in the course of a transaction which is later litigated did not eliminate the privilege. See id. at 1111; see also Long v. Murphy, 663 So.2d 1370, 1372 (Fla. 5th DCA 1995).
CSG posits that because it was engaged in a "joint defense" of the Volpes with the personal attorneys, the communications between the Volpes and their personal attorneys were not subject to the assertion of the privilege. Generally, the attorney-client privilege is waived by disclosure of a privileged communication to a third person. Where, however, co-parties communicate regarding issues of common interest to their joint defense to adequately prepare their case, the sharing of information with their co-parties' attorneys implies no waiver of the privilege. See Visual Scene, Inc. v. Pilkington Bros., plc., 508 So.2d 437, 440 (Fla. 3d DCA 1987). That exception covers the situation where one party makes a disclosure to the attorney for a co-party; thus, for the purposes of that communication, the attorney of the co-party becomes the attorney for the other. See id. at 440 n. 3 (citing United States v. McPartlin, 595 F.2d 1321 (7th Cir. 1979)).
The "joint defense" exception to waiver of the attorney-client privilege has no application in this case. In a joint defense case, absent the exception, the communications shared with third persons other than the client's own attorney would not be privileged. The exception does not give a co-party the right to obtain disclosure of all communications shared by a co-party with that party's own attorney. Thus, the mere fact that two attorneys may be representing a single client on the same matter does not waive the privilege that the client has to prevent his or her confidential communications to one of his or her lawyers from being revealed to the other lawyer.
In the instant case, attorney Selz and attorney Fleck were retained personally by the Volpes, while the insurance company retained CSG to represent the Volpes in the suit. Although CSG and the personal attorneys represented the same client, it does not follow that the client cannot assert the attorney-client privilege with respect to matters which may have been discussed with one attorney but not with another. Particularly in an insurance representation context, the interest of the insured in further protecting his or her own position may compel the insured to retain and communicate with a personal attorney. The client has every right to assume that the attorney will keep those communications confidential. In this case, there is no evidence that the Volpes ever intended to share with CSG all of their communications with their personal attorneys; rather, the evidence is to the contrary.
CSG claims that the communications are directly relevant to the essential elements of the Volpes' claim, specifically as to proximate cause and reasonable reliance. If it would appear that the Volpes would be required to call their attorneys to testify on these very issues to establish the malpractice claim, then waiver of the attorney-client privilege might be implied. See Savino v. Luciano, 92 So.2d 817, 819 (Fla.1957). But there is no suggestion that the Volpes need this information to establish their claim; to the contrary, it is CSG which wants the information to establish their defense. The attorney-client privilege cannot be set aside simply because the opposing party claims that *540 the information held by the attorney is necessary to prove the opposing party's case.
Because the attorney-client privilege protected the communications between the Volpes and their personal attorneys, the trial court departed from the essential requirements of law in compelling their production. We thus quash the order of the trial court.
DELL and POLEN, JJ., concur.