800 So.2d 689 (2001)
PROGRESSIVE AMERICAN INSURANCE COMPANY, Petitioner,
v.
Mike LANIER, and his wife, Pam Lanier, Respondents.
No. 1D01-1921.
District Court of Appeal of Florida, First District.
November 30, 2001.
*690 P. David Brannon and Harold R. Mardenborough, Jr., of McFarlain & Cassedy, P.A., Tallahassee, for Petitioner.
Jonathan Mayes and Robert J. Mayes, Gulf Breeze; Lefferts L. Mabie, III, of Lefferts L. Mabie, III, P.A., Tampa, for Respondents.
PER CURIAM.
In this petition for writ of certiorari, Progressive American Insurance Company (Progressive) seeks review of an order granting a motion to compel discovery filed by respondents, Mike and Pam Lanier, in their bad-faith insurance action against Progressive following the theft of a tractor-trailer truck insured by Progressive. The question before this court is whether the trial judge departed from the essential requirements of law by requiring Progressive to produce documents in its claim file and documents and/or entries in its "face sheet notes" (computer entries utilized by claims representatives) that Progressive claimed were subject to the attorney-client privilege and/or were protected work product. Finding merit in Progressive's arguments for some of the documents and/or entries, we grant the petition in part.
In regard to Progressive's claim file, the insurer provided the Laniers with everything in its file except the requested material which it deemed work product or attorney-client communication. As to those documents, Progressive filed a privilege log explaining its privilege claims. This privilege log is authorized by Florida Rule of Civil Procedure 1.280(b)(5), which specifically contemplates that such logs will "enable other parties to assess the applicability of the privilege or protection." At issue in this petition are pages 1-113, 114, and 115-23 of the claim file.
Our review of pages 1-113 and Progressive's privilege log satisfies us that most of these documents, which consist mainly of communications to and from Progressive's attorneys and billing statements, are absolutely privileged as attorney-client communications. Nevertheless, Progressive has failed to show that pages 4, 11-17, 61-63, and 85 are entitled to protection under the attorney-client privilege. We therefore conclude that the trial court departed from the essential requirements of law by requiring production of pages 1-113 with the exception of pages 4, 11-17, 61-63, and 85.
We likewise conclude that page 114, which is a report of the civil action Progressive provided to defense counsel after the Laniers filed their complaint, is subject to absolute immunity under the attorney-client privilege. Therefore, the court departed from the essential requirements of law by requiring production of page 114.
As to pages 115-23, which consist of witness statements Progressive claims to be work product, we agree with the Laniers that Progressive failed to satisfy its burden of proving that it prepared these documents in anticipation of litigation. The statements were taken in October and December 1996, long before the Laniers threatened or filed suit. See Fireman's Fund Ins. Co. v. Signorelli, 681 So.2d 720, 721 (Fla. 2d DCA 1996) (the *691 work-product privilege can apply to investigative materials if they were compiled in response to some event which foreseeably could be made the basis of a claim against the insurer). Progressive's blanket statement in its privilege log is insufficient to establish the work-product privilege. See Wal-Mart Stores, Inc. v. Weeks, 696 So.2d 855, 856 (Fla. 2d DCA 1997). We therefore find no departure from the essential requirements of law in the court's decision to require production of these documents.
Turning next to the face-sheet notes, Progressive claims that pages 69-88, 122-33, and 150-59 are privileged as either work product or attorney-client communications. We agree with the Laniers that Progressive failed to establish the work-product privilege as to any of these documents, because it failed to demonstrate that these diary entries, which commenced when the vehicle was stolen in August 1996, were made in anticipation of litigation, rather than in the ordinary course of Progressive's business. The blanket assertion that the entries are work product made in Progressive's privilege log is insufficient. See Wal-Mart Stores, Inc. v. Weeks. Thus, we find no departure from the essential requirements of law by requiring production of these documents over the claim of work-product immunity.
Nevertheless, numerous entries in the face-sheet notes consist of attorney-client communications between Progressive's representatives, its in-house counsel (Ken Oleksyk, Gary Feuerstein, and Chris Bartholet), and defense counsel (Chris Barkas and Harold "Hal" Mardenborough of McFarlain, Wiley, Cassedy & Hones, P.A.), and they are sufficiently designated in the privilege log as "conversations with defense counsel" and "summary of conversation with defense counsel." Consequently, the trial court departed from the essential requirements of law by requiring production of all those entries in the face-sheet notes that constitute attorney-client communications, which are designated as conversations or summaries of conversations with defense counsel.
In sum, we conclude that the trial court departed from the essential requirements of law by requiring production of pages 1-114 of Progressive's claim file, except pages 4, 11-17, 61-63, and 85 thereof, over Progressive's claim of attorney-client privilege. We also conclude that the trial judge departed from the essential requirements of law by requiring production of all those entries in the face-sheet notes as above discussed that constitute attorney-client communications. Because erroneous production of these privileged and/or protected documents cannot be remedied on appeal, and thus may result in a miscarriage of justice, we grant the petition of certiorari, in part, as outlined in this opinion.
PETITION GRANTED in part and DENIED in part.
ERVIN, BARFIELD and BENTON, JJ., CONCUR.