805 So.2d 1058 (2002)
The OMEGA CONSULTING GROUP, INC., and Omegacal Consulting, Inc., Petitioners,
v.
Diane TEMPLETON, Respondent.
No. 4D01-2582.
District Court of Appeal of Florida, Fourth District.
January 23, 2002.
*1059 Scott M. Behren of Waldman Feluren & Trigoboff, P.A., Weston, for petitioners.
Andrew C. Barnard of Andrew C. Barnard, P.A., Miami, for respondent.
PER CURIAM.
Respondent Diane Templeton is a 50% shareholder of the petitioner corporations, The Omega Consulting Group, Inc., and Omegacal Consulting, Inc. Templeton filed a lawsuit against a number of defendants, including the petitioner corporations. One of Templeton's causes of action was a shareholder's derivative[1] action alleging misappropriation of corporate assets by the other 50% shareholder, Ann Fierro.
The trial court ordered disclosure of three corporate e-mails, rejecting the corporations' claims that the communications were protected from disclosure by the attorney-client privilege. The two corporations have challenged that order by petition for writ of certiorari.
Certiorari lies to review trial court orders compelling production of discovery claimed to be subject to the attorney-client privilege, since such disclosure presents the potential departure from the essential requirements of law that would cause material harm for which there is no adequate remedy on final appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995); Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021, 1022 (Fla. 4th DCA 1998).
As a general proposition, the attorney-client privilege applies to corporations and individuals to promote full and frank conversations between corporations and their counsel. See Shell Oil Co. v. Par Four P'ship, 638 So.2d 1050, 1050 (Fla. 5th DCA 1994). This case involves a lawsuit against two corporations by a 50% shareholder in the corporations. Additionally, there is the shareholder's derivative action against one 50% shareholder alleging misappropriation of corporate assets. While the corporation might successfully assert *1060 the attorney-client privilege against a stockholder under some circumstances, see Garner v. Wolfinbarger, 430 F.2d 1093, 1103-04 (5th Cir.1970), we cannot say that the trial court's finding that the privilege did not apply to the e-mails in this case was a departure from the essential requirements of law.
That a corporation has only two stockholders, each owning 50% of the shares, is a powerful reason not to allow the corporation to invoke the attorney-client privilege against one of the shareholders. The weight placed by the trial court upon this factor was not an abuse of discretion. See Garner, 430 F.2d at 1104. Such a situation is closely analogous to the situation "in which the same attorney acts for two or more parties having a common interest [and] neither party may exercise the privilege in a subsequent controversy with the other." Id. at 1103; see § 90.502(4)(e), Fla. Stat. (2000).
Additionally, we note that the privilege log filed by the corporations did not contain sufficient detail to comply with the requirements of Florida Rule of Civil Procedure 1.280(b)(5). Where the rule is violated, the privilege may be waived. See TIG Ins. Corp. of Am. v. Johnson, 799 So.2d 339, 341-42 (Fla. 4th DCA 2001).
The petition for writ of certiorari is denied.
FARMER, STEVENSON, and GROSS, JJ., concur.
NOTES
[1] "A derivative suit is an action in which a stockholder seeks to enforce a corporate right or to prevent or remedy a wrong to the corporation, where the corporation, because it is controlled by the wrongdoers or for other reasons, fails and refuses to take appropriate action for its own protection." Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 388 (Fla. 4th DCA 1999).