877 So.2d 935 (2004)
Ellen M. JACOB, Individually and as Co-Trustee of the Herbert H. Jacob Amended and Restated Revocable Trust of 2001, dated May 4, 2001; and James E. Fuller, as Co-Trustee of the Herbert H. Jacob Amended and Restated Revocable Trust of 2001, dated May 4, 2001, Petitioners,
v.
Bernard A. BARTON, Jr., Individually and as Co-Trustee of the Herbert H. Jacob Amended and Restated Revocable Trust of 2001; Steven E. Jacob, Thomas Jacob, James A. Jacob, and Angela Jacob, all Individually; and James Jacob and Steven Jacob, as Co-Trustees of the Ajax Marital Trust and the Tax Liability and Expense Trust; Nicholas Jacob and Rebecca Jacob, Individually, Respondents.
No. 2D03-4255.
District Court of Appeal of Florida, Second District.
July 28, 2004.
L. Norman Vaughan-Birch of Kirk Pinkerton, Sarasota, and Hollis F. Russell and Banks Brown of McDermott, Will & Emery, New York, NY, for Petitioners.
*936 Charles J. Bartlett of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Respondent James Jacob.
No appearance for Respondents Bernard A. Barton, Jr., Steven E. Jacob, Thomas Jacob, Angela Jacob, Steven Jacob, Nicholas Jacob, and Rebecca Jacob.
NORTHCUTT, Judge.
Today we review a discovery order entered during litigation over the management of trusts established by Herbert Jacob, now deceased. Ellen Jacob, Herbert's widow, is a trustee under the master trust created by her late husband. The assets of this trust eventually will be distributed to other trusts, some of which benefit Ellen and some of which benefit Herbert's children. Among the latter beneficiaries is James Jacob, Herbert's son by a previous marriage.
Ellen filed suit under section 737.201, Florida Statutes (2001), seeking construction of the trust and direction from the court as to its administration. James filed a counterclaim to remove Ellen as trustee, claiming she has mismanaged the trust by placing her personal interests above her fiduciary duties and by making improper payments to the trustees' attorneys. He sought discovery of the attorneys' records of their billings to the master trust. The circuit court ordered the law firm to produce its records, whereupon Ellen and her co-trustee petitioned us to quash the order by writ of certiorari. We grant the petition.
Ellen objected to the request for production, claiming that the billing records were protected by the lawyer-client privilege[1] and the work product doctrine. In general, these doctrines protect billing records from discovery by an adversarial party in a lawsuit. See Progressive Am. Ins. Co. v. Lanier, 800 So.2d 689, 690 (Fla. 1st DCA 2001). The tension here arises from the fact that James is both the trustee's adversary in litigation and a trust beneficiary. In the latter capacity he generally is entitled to information about the trust assets and the particulars of its administration, and he may seek a trust accounting. See § 737.303(3), (4)(a) and (b), Fla. Stat. (2001). Certainly, he is entitled to know the amounts the attorneys billed the trust for their services and the type of services rendered. See Ball v. Mills, 376 So.2d 1174, 1181 (Fla. 1st DCA 1979).
But that entitlement does not resolve the issue of whether James may compel discovery of documents that contain privileged information related to the parties' litigation. The circuit court grounded its order requiring production on our decision in Barnett Banks Trust Co. N.A. v. Compson, 629 So.2d 849, 851 (Fla. 2d DCA 1993). In that case, Mrs. Compson, a trust beneficiary, and the trustee, Barnett, were engaged in litigation to determine whether certain assets belonged to Mrs. Compson or were the property of the trust. She sought production of correspondence from the trust's attorneys to the trustee and other beneficiaries concerning the lawsuit and the attorneys' litigation budget. In reversing the circuit court's order requiring production, we held that section 737.303 "does not require disclosure of privileged materials concerning a pending lawsuit" when a trust beneficiary "seeks to deplete, rather than return, trust assets." Id. at 851.
Here, James would have us adopt the reverse of this proposition. He contends that because he is a beneficiary who is attempting to protect trust assets, he is entitled to production of the privileged documents. But the holding in Compson *937 was not premised simply on the fact that the beneficiary was seeking to deplete trust assets. Rather, that factor bore on the court's determination whether the beneficiary was the "real client" of the law firm. The Compson holding turned on the court's finding that the beneficiary was not, in fact, a client for whom the attorneys' services were performed.
Thus, when confronted with the issue at hand here, a court must decide whose interests the attorneys represent  the trustee's or the beneficiary's. First Union Nat'l Bank of Fla. v. Whitener, 715 So.2d 979, 982 (Fla. 5th DCA 1998). Usually, a lawyer retained by a trust represents the trustee, not the beneficiary, even though the fees are paid with trust funds that would otherwise go to the beneficiary. First Union Nat'l Bank v. Turney, 824 So.2d 172, 185-86 (Fla. 1st DCA 2001); see also Compson, 629 So.2d at 851. If the attorney represents the trustee, the trustee holds the lawyer-client privilege. See § 90.502(2), (3)(a), Fla. Stat. (2001); Whitener, 715 So.2d at 982; Compson, 629 So.2d at 851. In some circumstances, however, the beneficiary may be the person who will ultimately benefit from the legal work the trustee has instructed the attorney to perform. See, e.g., Riggs Nat'l Bank of Washington, D.C. v. Zimmer, 355 A.2d 709, 711 (Del.Ch. Ct.1976) (noting that legal memorandum concerning trust tax issues, written before beneficiaries' litigation against trustee began, was prepared for the benefit of the trust beneficiaries) (cited in Compson, 629 So.2d at 850). In that situation, the beneficiary may be considered the attorney's "real client" and would be the holder of the lawyer-client privilege. Whitener, 715 So.2d at 982. But if the "real client" is the trustee, the beneficiary would have to prove the existence of some exception to overcome the privilege. Id.
The record filed in conjunction with this petition for writ of certiorari is limited. Ellen did not file a privilege log as contemplated in Florida Rule of Civil Procedure 1.280(5).[2] The circuit court did not conduct an in camera review of the bills, nor are they contained in our record. Thus, we cannot say whether some of the billing records may reveal communications between the law firm and the trustees concerning the litigation with the beneficiary. But it is clear that Ellen hired the attorneys. To the extent that the lawyers' work concerns the dispute with James, their client is the trustee, not the beneficiary. If the entries in the billing records reveal information protected by the lawyer-client privilege and work product doctrine, their production cannot be compelled. See Paskoski v. Johnson, 626 So.2d 338, 339 (Fla. 4th DCA 1993).
The circuit court's order requiring production was a departure from the essential requirements of law and cannot be remedied on appeal. See 1620 Health Partners, L.C. v. Fluitt, 830 So.2d 935, 936 (Fla. 4th DCA 2002); Quarles & Brady, LLP v. Birdsall, 802 So.2d 1205, 1206 (Fla. 2d DCA 2002). We grant the petition for certiorari and quash the order permitting unlimited discovery of the trust's attorneys' billing records. We remand with directions to the circuit court to conduct an in camera review to determine whether any of the explanatory entries on the bills would be protected under either the lawyer-client privilege or the work product doctrine. If necessary, it may conduct further proceedings to determine whether any exceptions to the lawyer-client privilege *938 exist or whether James can overcome the protection of the work product doctrine. See § 90.502(4); Prudential Ins. Co. of Am. v. Fla. Dep't of Ins., 694 So.2d 772, 774 (Fla. 2d DCA 1997) ("Before a party can obtain discovery of work product material, it must show that it `has need to the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.' Fla. R. Civ. P. 1.280(b)(3)."). If not, the court must redact the privileged information before requiring production of the records.
Petition granted, decision of circuit court quashed.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] § 90.502, Fla. Stat. (2001).
[2] Florida Rule of Civil Procedure 1.280 applies in all probate proceedings. Fla. Prob. R. 5.080.