919 So.2d 716 (2006)
Thomas G. TRIPP and Adult Comprehensive Protection Services, Inc., Petitioners,
v.
Diane Patricia SALKOVITZ, individually; Alison A. Carpenter, Personal Representative of the Estate of Mark J. Salkovitz, deceased; Gabrielle Ayala; and Patricia Johnson, Respondents.
No. 2D05-1458.
District Court of Appeal of Florida, Second District.
February 8, 2006.
*717 James L. Sullivan and Bradley T. Guldalian of Hinshaw & Culbertson LLP, Tampa, for Petitioner Thomas G. Tripp.
Paul Scherer, St. Petersburg, for Petitioner Adult Comprehensive Protection Services.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Respondents.
DAVIS, Judge.
Thomas G. Tripp and Adult Comprehensive Protection Services, Inc. ("Petitioners"), petition for a writ of certiorari seeking review of the trial court's nonfinal discovery order that determined that Alison A. Carpenter, as Personal Representative of the Estate of Mark J. Salkovitz, deceased ("the Estate"), is the holder of the attorney-client privilege for all communications between Petitioners occurring after the appointment of Adult Comprehensive Protection Services ("ACPS") as plenary guardian of Mark J. Salkovitz ("the Ward"). The trial court's order also required Petitioners to produce all written communications between Tripp and ACPS after January 7, 2002, for an in camera inspection by the court. We grant the petition in part.
On January 7, 2002, ACPS was appointed by the trial court to serve as the plenary *718 guardian of the Ward. ACPS retained Tripp to serve as its attorney in the provision of services to the guardianship.
Following the Ward's death, his daughter, Alison A. Carpenter, opened his estate and was appointed Personal Representative. Carpenter, as Personal Representative of the Estate, and Diane Patricia Salkovitz, the Ward's widow, filed a complaint for negligence and breach of fiduciary duty against Petitioners. The allegations regarded Petitioners' failure to properly manage the Ward's financial affairs and to protect the residence from foreclosure sale.
As a part of the discovery process, the Personal Representative sought to compel Petitioners to produce documents regarding the confidential communications between ACPS and Tripp during the guardianship time period. Additionally, the Personal Representative asked the trial court to determine whether ACPS could raise the attorney-client privilege at deposition in response to questions related to confidential communications between Tripp and ACPS. The trial court granted the Personal Representative's motions, ordering the production of the documents for an in camera inspection and determining that the attorney-client privilege belonged to the Estate, thereby precluding ACPS from raising the privilege. Petitioners now ask this court to quash that order.
In reaching its conclusions, the trial court relied on Jacob v. Barton, 877 So.2d 935 (Fla. 2d DCA 2004). Although that case dealt with a trust situation instead of a guardianship, the trial court found the reasoning regarding the fiduciary relationships persuasive. Relying on that reasoning, however, the trial court reached inconsistent results on the two issues presented. First, the trial court determined that the privilege belonged to the Estate as the Ward's successor in interest. The implication of that finding is that, at deposition, ACPS could not invoke the attorney-client privilege to protect private communications it had with its attorney, Tripp. However, the same order also required that the written documents representing such communications be presented to the trial court for an in camera inspection to determine which documents must be produced to the Personal Representative. The implication of this provision is that some communications may be protected from disclosure by ACPS' attorney-client privilege, while others may not.
In Jacob, this court explained who holds the attorney-client privilege in trust situations:
Usually, a lawyer retained by a trust represents the trustee, not the beneficiary, even though the fees are paid with trust funds that would otherwise go to the beneficiary. If the attorney represents the trustee, the trustee holds the lawyer-client privilege. In some circumstances, however, the beneficiary may be the person who will ultimately benefit from the legal work the trustee has instructed the attorney to perform. See, e.g., Riggs Nat'l Bank of Washington, D.C. v. Zimmer, 355 A.2d 709, 711 (Del. Ch.Ct.1976) (noting that legal memorandum concerning trust tax issues, written before beneficiaries' litigation against trustee began, was prepared for the benefit of the trust beneficiaries) (cited in [Barnett Banks Trust Co., N.A. v.] Compson, 629 So.2d [849, 850 (Fla. 2d DCA 1993)]). In that situation, the beneficiary may be considered the attorney's "real client" and would be the holder of the lawyer-client privilege. But if the "real client" is the trustee, the beneficiary would have to prove the existence of some exception to overcome the privilege.
Jacob, 877 So.2d at 937 (some citations omitted).
*719 We agree with the trial court that this language is instructive here, and the trial court's order is consistent with Jacob with regard to the written documents. The trial court's order recognizes that some of the written communications may be related to Tripp's services to the Ward, while others may involve his representation of ACPS itself. The in camera inspection will determine which documents are specifically related to the representation of the Ward's interest and are thus discoverable because the privilege now belongs to the Estate as the Ward's successor in interest.
However, the same differentiation must be made regarding the questions that would be asked of Tripp or ACPS representatives at a deposition. The finding that the Estate holds the privilege as to all communications is contrary to the holding in Jacob. In making this overly broad finding, the trial court has departed from the essential requirements of law creating a material harm that cannot be remedied on appeal. See Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995); see also Morgan, Colling & Gilbert, P.A. v. Pope, 798 So.2d 1 (Fla. 2d DCA 2001). Accordingly, the petition for a writ of certiorari must be granted as to this part of the order.
The petition for writ of certiorari is therefore granted in part and denied in part, and that part of the trial court's order finding that the Estate holds the attorney-client privilege as to all confidential communications between Tripp and ACPS after January 7, 2002, is quashed.
Granted in part; denied in part.
ALTENBERND and KELLY, JJ., Concur.