943 So.2d 812 (2006)
PARADISE DIVERS, INC., Petitioner,
v.
Kevin UPMAL, Respondent.
No. 3D05-1327.
District Court of Appeal of Florida, Third District.
September 27, 2006.
*813 McAlpin & Brais and Keith S. Brais and Richard D. Rusak; Shook, Hardy & Bacon and Edward A. Moss and Stephen J. Darmody, Miami, for appellant.
Philip D. Parrish, Miami; Seiden, Alder & Matthewman and Michael W. McLeod, Boca Raton, for appellee.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
SHEPHERD, J.
Paradise Divers, Inc. seeks certiorari review of an order compelling production of reports of Donna Albert, Esq. and Craig Jenni of Dive Consultants International relating to a maritime accident that resulted in serious personal injury to Paradise employee Kevin Upmal.[1] We have jurisdiction, Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995)(citing Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)), and quash the order under review insofar as it requires the production of their reports.
Prior to the date of the accident, Paradise Divers hired Upmal to serve as first mate on the M/V Paradise Diver IV off the Florida Keys. Upon learning of the accident, Paradise insurers retained Albert as counsel for Paradise. Jenni was retained to investigate the accident. During the course of her retention, Albert both provided legal advice to Paradise and communicated with Jenni and insurers concerning the investigation.
Upmal's multi-count complaint includes causes of action for Jones Act[2] negligence, unseaworthiness, and failure to provide maintenance and cure. As an affirmative defense to the latter claim, Paradise alleged "it relied upon the advi[c]e of former counsel, Donna Albert, Esq., not to *814 pay maintenance and cure to Plaintiff and to advise Plaintiff's medical care providers that [Paradise] was not responsible for Plaintiff's bills."[3] Upmal countered with a request for production seeking "All investigation reports, surveys, or survey reports related to, or arising from Plaintiff's incident." In response to the request, Paradise agreed to produce those documents relating to its "advice of counsel" maintenance and cure defense from Albert's file. The production of these materials was made pursuant to an express limited waiver of both the attorney-client and work product privilege.
Upmal argues that by agreeing to produce those documents related to maintenance and cure, petitioner has waived any right it may have had to claim attorney-client or work product privilege to other portions of Albert's and Jenni's files. We disagree. A party can make a limited waiver of its attorney-client or work product privileges in this state. Volpe v. Conroy, Simberg & Ganon, P.A., 720 So.2d 537, 538-39 (Fla. 4th DCA 1998); Shafnaker v. Clayton, 680 So.2d 1109, 1111 (Fla. 1st DCA 1996); E. Air Lines, Inc. v. Gellert, 431 So.2d 329, 332 (Fla. 3d DCA 1983)(waiver by disclosure limited "to other unrevealed communications only to the extent that they are relevant to the communication already disclosed"); see also Procacci v. Seitlin, 497 So.2d 969 (Fla. 3d DCA 1986)(citing cases regarding limited waiver). The limited waiver made by Paradise on the subject of maintenance and cure does not constitute a waiver of the attorney-client and work product objections made to protected investigative materials, mental impressions, or communications concerning other counts of the complaint. With exceptions not pertinent here, a party is not entitled to prepare his case through the work product of another. See Southern Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1384 (Fla.1994)(citing Dodson v. Persell, 390 So.2d 704, 708 (Fla.1980)("The rationale supporting the work product doctrine is that `one party is not entitled to prepare his case through the investigative work product of his adversary where the same or similar information is available through ordinary investigative techniques and discovery procedures.'")).
Because that portion of the order under review constitutes a departure from the essential requirements of law not curable on review of the final judgment, the petition for certiorari in this case is granted and the order quashed to the extent it requires the production of the reports of Albert and Jenni.
Petition granted and order quashed.
NOTES
[1] The petition also sought to quash that portion of the order compelling production of ship's logs and manifests for the vessel. Petitioner has conceded the production of these documents.
[2] Jones Act, 46 App. U.S.C.A. § 688(a).
[3] In some circumstances, advice of counsel can be considered as a defense to an attorney fees claim for failure to provide maintenance and cure. See Vaughan v. Atkinson, 369 U.S. 527, 531-32, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); Stevens v. McGinnis, 82 F.3d 1353, 1360 (6th Cir.1996).