PER CURIAM.
Petitioners seek certiorari review of a discovery order that directs the Record Custodian of Greenberg Traurig, P.A. to produce unredacted documents. We grant relief in part as there is information within the documents that retain privileged status despite the limited waiver of the attorney-client privilege.[1]
Anthony D’Andrea is a trustee of his father’s irrevocable trust. Greenberg Traurig represents D’Andrea in his capacity as Trustee. D’Andrea was sued by two of his siblings. The complaint seeks D’Andrea’s removal as Trustee and alleges a breach of fiduciary duty with respect to the distribution of sale proceeds for certain property.
Greenberg Traurig does not represent D’Andrea in this litigation. Within that trust litigation, D’Andrea asserted the “advice of counsel defense,” pointing to his consultation with Greenberg Traurig and, specifically, attorney Francis B. Brogan, Jr. D’Andrea moved for summary judgment, and provided a detailed affidavit from attorney Brogan. Within that affidavit, attorney Brogan addresses the legal advice given regarding the property at issue in the trust litigation.
What followed was a subpoena for deposition duces tecum and notice of taking deposition on the non-party Records Custodian for Greenberg Traurig, P.A. The subpoena sought broad categories of discovery relating to the Trust.
Greenberg Traurig moved to quash the subpoena and for protective orders, arguing that D’Andrea’s limited waiver of the attorney-client privilege applied only to the transaction surrounding the specific property at issue in the underlying litigation. Paradise Divers, Inc. v. Upmal, 943 So.2d 812, 814 (Fla. 3d DCA 2006). Nevertheless, the firm produced documents, though it redacted portions which it deemed beyond that limited waiver. Following the trial court’s in camera inspection of the *1111 redacted documents, it ordered Greenberg Traurig’s Record Custodian to produce all records, in unredacted form.
At issue are letters and e-mail correspondence between attorney Brogan and D’Andrea on the trust matter. Other redacted matters include “record keeping” and billing information.
We quash the portion of the order that requires the unredacted production of documents GT 01, GT 05, GT 11-12, and GT 13-30.[2] The subject matter associated with documents GT 01 and GT 11-12 is beyond the scope of the express limited waiver. Paradise Divers, 943 So.2d at 814. The remaining redactions concern internal housekeeping information and billing entries and fee amounts, which in this case should remain confidential. See generally Paskoski v. Johnson, 626 So.2d 338, 339 (Fla. 4th DCA 1993); see also Jacob v. Barton, 877 So.2d 935 (Fla. 2d DCA 2004).
The petition for certiorari in this case is granted in part, and the order is quashed to the extent it requires the production of information beyond the express waiver of the privilege as set forth above. To be clear, of the documents provided to this court, GT 08 will be produced without redaction.

Petition granted in part.

FARMER, STEVENSON and DAMOORGIAN, JJ., concur.

. This court accepted the documents under seal to facilitate its review.

. We note that some of these billings appear to be duplicates.