' LAWSON, J., dissenting. Because..the plain language of our constitution requires this Court to approve the Second District’s decision shielding expert reports prepared in anticipation of litigation—rather than in the course of business—from disclosure pursuant to Amendment 7,1 respectfully dissent. Amendment 7 provides in pertinent part that “patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.” Art. X, § 25(a), Fla. Const. (emphasis added). Work product prepared in anticipation of litigation is the antithesis of the “records made or received in the course of business” that fall within Amendment 7’s ambit. See Progressive Am. Ins. Co. v. Lanier, 800 So.2d 689, 691 (Fla. 1st DCA 2001) (explaining that the work-product doctrine protects documents prepared “in anticipation of litigation, rather than in the ordinary course of ... business”); see also § 381.028(3)0*), Fla. Stat. (2010) (defining “records” for purposes of legislation implementing Amendment 7 to exclude “documents or portions thereof which constitute, contain, or reflect any attorney-client communications or any attorney-client work product”). To reach the opposite conclusion—that the expert reports the hospital, through its counsel, obtained in anticipation of litigation in this case “are the type that are ‘made or received in the course of business by a health care facility or provider,’” majority op. at 293 (quoting art. X, § 25(a), Fla. Const.)—the majority reasons that hospitals generally keep records of adverse medical incidents, so the reports at issue must have been. prepared and received in the course.of the hospital’s business. From there, the majority concludes that, even if the reports contain work product, they are nevertheless subject to disclosure under Amendment 7. The majority’s circular reasoning, however, ignores the plain language of Amendment 7’s “course of business” requirement, which is not satisfied on the facts of this case. As the Second District explained below, the hospital’s legal “counsel requested the reports at issue for purposes of litigation” from a company called M.D. Review that “does not perform the routine function of reviewing incidents for the [hjospital when medical negligence or other events occur as specified in Amendment 7,” but rather “provides an expert opinion on the standard of care on sporadic occasions when litigation is imminent.” Bartow HMA, LLC v. Edwards, 175 So.3d 820, 824-26 (Fla. 2d DCA 2015). There is no evidence that the hospital sought these expert opinions— which were not “part of [its] regular peer review process”—in an attempt to avoid the disclosure requirements of Amendment 7. Id. at 826. Rather, “[t]he [hjospital satisfied [Amendment 7’s] requirements by providing access to numerous documents pertaining to internal adverse incident reporting and peer review” and, in contrast, relied upon M.D. Review’s reports for “an expert opinion on the standard of care” to prepare for “litigation [that was] imminent.” Id. at 825-26. Accordingly, as the -Second District correctly held, the reports at issue, which were “created by an expert retained for purposes of litigation[,] are not kept in the course of regularly conducted business activity” and therefore “were not ‘made or received in the course of business’ under Amendment 7.” Id. at 825.[8] Moreover, while proper application of Amendment 7’s “course of business” requirement is 'sufficient to end the inquiry, see Fla. League of Cities v. Smith, 607 So.2d 397, 400 (Fla. 1992) (“[W]hen constitutional language is precise, its exact letter must be enforced .... ”), Amendment 7’s history underscores that it was not intended to destroy the work-product doctrine or the attorney-client privilege. Specifically, in approving Amendment 7 for placement on the ballot, this Court rejected the argument that Amendment 7 “would affect Florida Rule of Civil Procedure 1.280(c), which restricts the discovery of work product, including incident reports generated by health care providers and facilities ... [and] infringes on the statutes and rules delineating the attorney-client privilege.” Advisory Op. to Atty. Gen. re Patients’ Right To Know About Adverse Med. Incidents, 880 So.2d 617, 621 (Fla. 2004). In so doing, this Court held that “the amendment does not expressly affect either rule 1.280(c) or the attorney-client privilege, and there is no evidence of any intent to-do so.” Id. Applying Amendment 7’s plain language consistently with this Court’s holding regarding its intent, like the Second District, I would conclude that the expert reports at issue—prepared at the request of the hospital’s counsel, outside of the ordinary peer review process, in anticipation of imminent litigation—are not “records made or received in the course of business” subject to disclosure pursuant to Amendment 7. The majority’s contrary holding improperly reads the “course of business” language as superfluous and recasts the constitutional provision, without it, as providing for discovery of any records relating to adverse medical incidents with “no • limitation^” Majority op. at 284. Therefore, I dissent. CANADY, J., concurs. . Contrary to the majority’s assertion, I am not suggesting that a hospital can avoid Amendment 7’s requirements by funneling requests for adverse medical incident investigations through an attorney or that a hospital can shield routine business records from dis-- . covery by providing them to an expert. What I am saying is where, as happened here, a hospital, through its attorney, seeks an expert opinion on whether the hospital satisfied the applicable standard of care .for the express purpose of preparing for imminent litigation, that is not—at least not prior to today—making or receiving records “in the course of business.” That is preparing work product in anticipation of litigation. And that is why, by its plain language, Amendment 7 does not apply to the reports prepared by M.D. Review, regárdless of the specific type of work product those reports contain.