# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-0970

_____

HOMEOWNERS CHOICE PROPERTY
& CASUALTY INSURANCE
COMPANY, INC.,

    Petitioner,

v.

THOMAS S. THOMPSON and LISA
D. THOMPSON,

    Respondents.

_____


Petition for Writ of Certiorari—Original Jurisdiction.


November 22, 2023


PER CURIAM.

The petitioning insurer argues that its claims and underwriting files are categorically protected against discovery in the insured homeowners' first-party breach of contract lawsuit. As to our jurisdiction, we agree that certiorari review is appropriate for discovery orders requiring production of allegedly privileged documents. *See People's Tr. Ins. Co. v. Foster*, 333 So. 3d 773, 774 (Fla. 1st DCA 2022) ("[W]e recognize the long history of courts accepting jurisdiction on insurance-discovery disputes like this one."). However, we deny the petition on its merits.

Hurricane Sally damaged the insureds' Pensacola home in September of 2020. The insureds obtained estimates totaling over $285,000 to repair wind damage, which the policy covered. In contrast, the insurer initially determined the net payable loss was only $2,058, asserting that the damage was mostly ordinary wear and tear, improper construction, or the result of other causes the policy did not cover.

The insureds filed suit for breach of the insurance contract, and sought discovery of the insurer's field adjuster's notes, evaluations, inspections, reports, and photos kept in the ordinary course of business; and any documents or evidence supporting the insurer's denial of the claim or its defenses or affirmative defenses. The insurer asserted a categorical work-product privilege in its claims and underwriting files. Ultimately the trial court ordered the insurer to file disputed documents under seal, with a privilege log.

The trial court reviewed the documents in camera, and overruled in part the insurer's objections to producing the requested discovery. The court ordered the insurer to produce some of the disputed documents, including the field adjuster's logs and photos of the initial home inspection and some documents relating to the insurer's early "basic evaluation" of the claim. The court upheld the insurer's work-product objections as to other documents and particularly those generated later in the process.

In *Foster,* we recently rejected the same categorical-privilege argument that the insurer asserts here. *Foster* also involved a first-party breach of contract action, and the insurer argued that an "order allowing discovery of its underwriting manual(s) is *categorically* prohibited in breach of contract cases, like this one, until and unless bad faith litigation commences." *Foster*, 333 So. 3d at 775. We called that "sweeping characterization" incorrect. *Id.* (citing *Am. Integrity Ins. Co. of Fla. v. Venable*, 324 So. 3d 999 (Fla. 1st DCA 2021); and then *Avatar Prop. & Cas. Ins. Co. v. Simmons*, 298 So. 3d 1252, 1254 (Fla. 5th DCA 2020)). Simply put, "there is no categorical legal rule prohibiting discovery of underwriting manuals in breach of contract cases, especially if they are relevant." *Id.*

Here, the insurer's assertion of privilege was overly broad, just as was the assertion in *Foster*. Documents in claims and underwriting files are not automatically work product. The insurer did not argue or prove that the requested documents were prepared in anticipation of litigation; and to the contrary, the documents ordered produced were created just days after the hurricane and before any coverage determination had occurred. We find no departure from the essential requirements of law.

We also reject the insurer's broad confidentiality, proprietary, and trade secret objections raised in its privilege log. *See Progressive Am. Ins. Co. v. Lanier*, 800 So. 2d 689, 690–91 (Fla. 1st DCA 2001) (explaining that insurer's "blanket statement in its privilege log is insufficient to establish the work-product privilege").

DENIED on the merits.

ROBERTS, KELSEY, and WINOKUR, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Curt Allen, Bryan D. Hull, and Lauren B. Yevich of Bush Ross, P.A., Tampa, for Petitioner.

Brian D. Hancock of Taylor, Warren, Weidner & Hancock, P.A., Pensacola, Respondents.