583 So.2d 356 (1991)
ALLSTATE INSURANCE COMPANY, INC., a foreign corporation, Petitioner,
v.
Pauline H. WALKER and John C. Walker, her husband, Respondents.
No. 91-0252.
District Court of Appeal of Florida, Fourth District.
June 26, 1991.
Rehearing and Clarification Denied August 20, 1991.
*357 Lori J. Caldwell, Sharon L. Stedman, and David B. Shelton of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for petitioner.
Richard A. Kupfer and William McAfee of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., and Liggio & Luckman, West Palm Beach, for respondents.
POLEN, Judge.
Allstate Insurance Company, the defendant in an uninsured motorist claim and an insurance "unfair claims practices" claim[1], petitions this court for a writ of certiorari. The petitioner seeks review of the trial court's order which compels production of documents alleged to be work product. The order also compels an in camera inspection of other documents which are alleged by Allstate to be protected from discovery by the attorney-client privilege. We grant the petition noting that certiorari is the appropriate vehicle for testing the correctness of an order governing discovery. Hartford Accident & Indemnity Company v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987).
The record shows that on October 16, 1990, Allstate was served by the respondents with a supplementary request to produce insurance policies, claim files, memoranda, correspondence and other documents pertaining to an automobile accident involving the respondents. Allstate did not respond to the request to produce, did not file a motion for protective order, and did not file timely objections. The respondents then moved to compel discovery, filing the motion on December 19, 1990.
At the hearing on the respondents' motion to compel discovery, Allstate claimed that timely objections to the request to produce had been filed. This caused the court to defer ruling on the respondents' motion until the matter could be investigated and resolved. Meanwhile, Allstate served the respondents with its objections the day after the scheduled hearing on the motion to compel.
The respondents moved for rule to show cause and/or sanctions based on Allstate's misrepresentation to the court about the filing of the objections. The court found that Allstate had not filed timely objections, and ordered Allstate to produce those documents claimed to be work product by January 29, 1991. The documents claimed by Allstate to be protected by attorney-client privilege were ordered to be submitted to the court for in camera inspection simultaneously with the production of the other documents. The court deferred ruling as to any other sanctions.
While we cannot support or condone the cavalier attitude taken by Allstate in dealing with the respondents' request to produce, *358 nor do we approve of Allstate's lack of candor toward the trial court concerning this issue, we find that the trial court departed from the essential requirements of the law in entering the aforementioned discovery order, causing material injury to the petitioner which offers no adequate remedy on plenary appeal. Discovery of potential privileged material constitutes the "cat-out-of-the-bag" type of disclosure protected by Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). We offer the following guidance to the trial court which should serve to correct any errors of which the petitioner complains.
In an action such as the one in the case at bar, Allstate is entitled to assert the work product and attorney client privileges. Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla. 1989). When the work product and attorney client privileges are asserted, the court must hold an in camera inspection of the discovery material at issue in order to rule on the applicability of the privileges. Austin v. Barnett Bank of South Florida, N.A., 472 So.2d 830 (Fla. 4th DCA 1985). We therefore hold that the trial court in the case at bar should, on remand, conduct an in camera inspection of all documents and other materials at issue in accordance with Austin.
Allstate argues that discovery should be halted altogether with regard to the respondents' "unfair claims practices" claim, pursuant to the recent decision from the Florida Supreme Court in Blanchard v. State Farm Mutual Automobile Insurance Co., 575 So.2d 1289 (Fla. 1991). However, this issue was not fully presented to the trial court, nor was any ruling obtained. Thus, we should not consider such a request unless first raised and decided at the trial level.
We must grant the petitioner relief based on the foregoing authorities; however, we suggest to the trial court that the imposition of certain sanctions might be appropriate due to the petitioner's apparent game playing with the discovery process. Candor toward the tribunal is essential to preserve the proper administration of justice and the record in this case shows that Allstate may have overstepped the bounds of propriety. An appropriate monetary fine would not be out of order under the circumstances.
Certiorari is granted and the case is remanded with instructions to proceed in accordance with this opinion. The respondents' motion for attorney's fees is denied.
HERSEY, C.J., concurs in result only.
GUNTHER, J., dissents without opinion.
NOTES
[1] § 624.155, Fla. Stat. (1989).