SCHWARTZ, Chief Judge.
It is clear that memoranda from the writer of an allegedly offending article to his superiors submitted to prepare a response to a notice served on the publication pursuant to section 770.01, Florida Statutes (1991) were created in anticipation of the litigation specifically threatened by the notice itself, and which in fact ensued thereafter in the present action for libel. The documents are therefore protected by the work product privilege. See DeBartolo-Aventura, Inc. v. Hernandez, 638 So.2d 988 (Fla. 3d DCA 1994); Anchor Nat’l Fin. Servs., Inc. v. Smeltz, 546 So.2d 760 (Fla. 2d DCA 1989); Sears, Roebuck & Co. v. Scott, 481 So.2d 968 (Fla. 4th DCA 1986); Procter & Gamble Co. v. Swilley, 462 So.2d 1188 (Fla. 1st DCA 1985); Winn-Dixie Stores, Inc. v. Nakutis, 435 So.2d 307 (Fla. 5th DCA 1983), pet. for review denied, 446 So.2d 100 (Fla.1984); Associated Medical Inst., Inc. v. Trube, 394 So.2d 563 (Fla. 3d DCA 1981). Contrary to the respondent’s contention, moreover, we find no waiver of that position.[1] The order requiring production of the papers in question is therefore quashed.
Certiorari granted.

. In fairness to the trial court, we note that, while the petitioners preserved their work product claim, their primary thrust below (and in the briefs here) was that discovery was precluded by a "self-evaluative media privilege,” which was (singularly) recognized in Lasky v. American Broadcasting Cos., 5 Fed.R.Serv.3d 1366 (S.D.N.Y.1986). While the basis of our decision makes it unnecessary directly to decide whether this claim was correctly rejected, we have at least very grave doubts both about our authority to adopt such a privilege even if we thought it wise, see Marshall v. Anderson, 459 So.2d 384 (Fla. 3d DCA 1984), and whether we would if we could.