736 So.2d 780 (1999)
Dale SNYDER and Rose Snyder, Petitioners,
v.
VALUE RENT-A-CAR, Respondent.
No. 99-0453.
District Court of Appeal of Florida, Fourth District.
July 7, 1999.
*781 Douglas H. Stein of Anania, Bandklayder, Blackwell & Baumgarten, Miami, for petitioners.
Richard M. Gomez of Law Offices of Roland Gomez, Miami Lakes, for respondent.
SHAHOOD, J.
Petitioners, Dale Snyder and Rose Snyder, plaintiffs below in a personal injury action, seek certiorari review of the trial court's order which grants respondent's motion to compel production of Rose Snyder's diary and overrules petitioners' work product objections. We grant the petition, quash the trial court's order, and remand for an in-camera inspection of the diary.
This cause arose from an auto accident in which petitioner, Dale Snyder was struck by a vehicle owned by respondent. During the discovery phase of the proceedings, respondent requested production of a diary kept by petitioner, Rose Snyder. Petitioners objected to the production on the grounds of work product and attorney-client privilege.
Petitioners submitted an affidavit of Rose Snyder to the trial court in which she alleged that the diary entries were made in anticipation of litigation and to assist counsel in the preparation of the litigation. She stated that after the accident, she and her husband anticipated that they would file a lawsuit to recover for his injuries, so she kept the diary to document his medical appointments, care and condition, "in anticipation that our attorneys would need this information.... I submitted the diary to my attorneys, who encouraged me to write in the diary to assist them in the preparation of our case." No counter-affidavits were filed on behalf of the respondent.
The trial court granted the motion to compel, requiring production of the diary. The trial court overruled the work product objection on the grounds that Rose Snyder's attorneys did not direct her to create the diary.
Certiorari lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected as work product or attorney-client, as this would present the potential of a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on final appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021 (Fla. 4th DCA 1998).
Rule 1.280 of the Florida Rules of Civil Procedure governs discovery including requests for items which are work product, namely documents and tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that party's representative, including that party's agent or attorney. There is no requirement in this rule that for something to be protected as work product, it must be an item ordered to be prepared by an attorney. See, e.g., Barnett Bank v. Dottie-G. Dev. Corp., 645 So.2d 573 (Fla. 2d DCA 1994); Time Warner, Inc. v. Gadinsky, 639 So.2d 176 (Fla. 3d DCA 1994).
Rule 1.280 (b)(3), provides that work product documents may be obtained only upon a showing that the party seeking discovery "has need of the materials in the *782 preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Petitioners argue that the respondent failed in this case to show that it had need of the subject diary and was unable without undue hardship to obtain the substantial equivalent of the materials by other means. See North Broward Hosp. Dist. v. Button, 592 So.2d 367 (Fla. 4th DCA 1992). In holding the trial court erred in rejecting the work product objection outright, we decline to address petitioner's argument at this time. Rather we agree with respondent that the trial court should conduct an in-camera hearing to inspect the diary and determine which portion of said diary, if any, is actually protected by work product.
As this court said in Allstate Insurance Co. v. Walker, 583 So.2d 356 (Fla. 4th DCA 1991) when the work product and attorney-client privileges are asserted, the trial court must hold an in-camera inspection of the discovery material at issue in order to rule on the applicability of the privilege. Id. at 358 (citing Austin v. Barnett Bank of South Florida, N.A., 472 So.2d 830 (Fla. 4th DCA 1985)).
If at the conclusion of the in-camera inspection, the trial court determines that the diary contains work product, then respondent would have the burden of demonstrating in the trial court the elements of need and inability without undue hardship to obtain the substantial equivalent of the information. Fla. R. Civ. P. Rule 1.280(b)(3).
PETITION GRANTED; ORDER QUASHED; REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
FARMER and HAZOURI, JJ., concur.