PER CURIAM.
Petitioners seek certiorari review of the trial court’s order overruling, in part, their work-product objections to requests for production and giving them thirty (30) days to comply. We grant the petition and quash the trial court’s order.
Respondent, the plaintiff in a negligent security claim, requested production of mall security reports and police reports detailing criminal activity at the mall and reports detailing the incident in question. Petitioners objected to the request for production. In support of their objection, petitioners submitted an affidavit of Darin Grigg, the manager of the mall, in which he alleged that the reports were made pursuant to the policies and procedure manual for the mall, in anticipation of litigation. After a hearing on the petitioner’s work-product objections, the trial court overruled the objections without explanation.
In Snyder v. Value Rent-A-Car, 736 So.2d 780 (Fla. 4th DCA 1999), this court held:
Certiorari lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected as work product or attorney-client, as this would present the potential of a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on final appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021 (Fla. 4th DCA 1998).
Id. at 781. The Snyder court further discussed Florida Rule of Civil of Procedure 1.280, which governs discovery, including requests for items which are work product, namely documents and tangible things prepared in anticipation of litigation. The rule explains that the items may be obtained only upon a showing that the party seeking discovery “has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Id. at 781-82.
In Snyder, we held that when work product and attorney-client privileges are asserted, the trial court must hold an in-camera inspection of the discovery material at issue in order to rule on the applicability of the privilege. In the present ease, *1232 the trial court rejected the objection outright without holding an in-camera inspection of the discovery material, as required by Snyder.
We therefore grant the petition, quash the trial court’s order, and remand for an in-camera inspection of the materials sought to be obtained by the respondent. If, at the conclusion of the in-camera inspection, the trial court determines the reports contain work product, then the respondent shall have the burden of demonstrating that she “has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” See Fla. R. Civ. P. 1.280(b)(3).
CERTIORARI GRANTED.
DELL, STONE, and FARMER, JJ„ concur.