830 So.2d 935 (2002)
1620 HEALTH PARTNERS, L.C., d/b/a NHC Healthcare, Ft. Lauderdale, Petitioner,
v.
Herman FLUITT, Jr., individually and as Personal Representative of the Estate of Herman Fluitt, Sr., deceased, Respondent.
No. 4D02-2068.
District Court of Appeal of Florida, Fourth District.
November 20, 2002.
*936 Louise H. McMurray and Brian H. Pollock of McIntosh, Sawran, Peltz & Cartaya, P.A., Miami, for petitioner.
William A. Dean of Ford & Sinclair, P.A., Miami, for respondent.
TAYLOR, J.
Petitioner, 1620 Health Partners, L.C., d/b/a/ NHC Healthcare, Ft. Lauderdale, seeks certiorari review of a discovery order compelling it to produce incident reports. Petitioner asserts that the reports are protected by the work product privilege and various statutory privileges. We grant the petition and quash the circuit court's order.
Respondent, Herman Fluitt, Jr., individually and as personal representative of the Estate of Herman Fluitt, Sr., deceased, filed this wrongful death and survival action against petitioner. The complaint alleges that petitioner failed to render proper care and supervision of the deceased *937 during his residency at petitioner's nursing home. It also alleges violations of the deceased's rights under Chapter 400, Florida Statutes (2000).
Through discovery, respondents sought production of "any and all records of accidents or unusual incidents referring in any way to Plaintiff...." Petitioner objected, asserting work-product, attorney-client, quality assurance, quality review, and "other statutory privileges afforded by the Federal and Florida Administrative rules governing nursing homes." Respondent moved to compel production of the documents. At the hearing on the motion, respondent argued that the incident reports cannot be deemed privileged because nursing homes are required by law to prepare such reports in the ordinary course of business. The trial court granted the motion and compelled production of the incident reports without holding an in camera inspection.
It is well established that:
Certiorari lies to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected as work product or attorney-client, as this would present the potential of a departure from the essential requirements of law which would cause material harm for which there is no adequate remedy on final appeal.
Snyder v. Value Rent-A-Car, 736 So.2d 780, 781 (Fla. 4th DCA 1999), citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987); and Coyne v. Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., 715 So.2d 1021 (Fla. 4th DCA 1998). We have consistently held that an in camera inspection may be necessary to determine whether an attorney-client or work product privilege applies to objectionable discovery. Snyder, 736 So.2d at 782; Hamilton v. Ramos, 796 So.2d 1269 (Fla. 4th DCA 2001).
Petitioner asserts that the incident reports at issue were generated and used in anticipation of litigation, as was evidenced by an exemplar prepared for the trial court. Relying on Beverly Enters.-Fla., Inc. v. Olvera, 734 So.2d 589 (Fla. 5th DCA 1999), petitioner argues that the privilege was properly asserted and should have been protected. In Olvera, the Fifth District held that a nursing home director's notes regarding a patient's hip injury, which were taken as part of an internal investigation of the incident and as part of a risk management investigation, were made in anticipation of litigation and were thus privileged.
In arguing that the incident reports sought in this case are not privileged, respondent relies upon provisions of the Florida Administrative Code and the Code of Federal Regulations, which require that accidents or unusual incidents be reported to the facility and to the Florida Agency of Health Care Administration (FAHCA). Section 59A-4.106(4) of the Florida Administrative Code requires nursing homes to maintain "policies and procedures" for reporting the occurrence of "accidents or unusual incidents." 42 C.F.R. § 483.13(2) also requires that long term care facilities report all "alleged violations involving mistreatment, neglect, or abuse, including injuries of unknown source" to the administrator or other officials in accordance with state law.
Petitioner counters that neither regulation requires it to generate or use incident reports prepared in anticipation of litigation to satisfy these regulations. In addition, petitioner cites authority for the principle that the work product privilege is not destroyed by the fact that reports are routinely required by a company and used for other private or regulatory purposes. *938 See Waste Mgmt., Inc. v. Florida Power & Light Co., 571 So.2d 507 (Fla. 2d DCA 1990); Fogarty Bros. Transfer Co. v. Perkins, 250 So.2d 655 (Fla. 2d DCA 1971). See also Fed. Express Corp. v. Cantway, 778 So.2d 1052 (Fla. 4th DCA 2001).
Petitioner also argues that the incident reports are privileged under the quality assurance, peer review, and risk management privileges set forth in various state statutes and federal rules. Specifically, section 42 C.F.R. § 483.75 provides that no state may require disclosure of such records except as necessary to assure regulatory compliance with the regulation.
Section 400.119, Florida Statutes (2001), provides for confidentiality of "[r]ecords of meetings of the risk management and quality assurance committee of a long-term care facility ..., as well as incident reports filed with the facility's risk manager and administrator, notifications of the occurrence of an adverse incident, and adverse incident reports from the facility are confidential and exempt from § 119.07(1) and § 24(a), Art. I of the State Constitution."[1] Additionally, section 400.0233(5) provides that "[n]o statement, discussion, written document, report, or other work product generated by presuit claims evaluation procedures under this section is discoverable or admissible in any civil action for any purpose by the opposing party." Section 400.118, which provides for a quality assurance monitoring system, states that any record or communication, oral or written, generated as part of this process is not discoverable. Section 400.118(2)(c).
Respondent points out that under recently enacted Florida Statute section 400.147(4), incident reports are discoverable. This section provides that "[e]ach internal risk management program shall include the use of incident reports to be filed with the risk manager and the facility administrator ... The incident reports are part of the workpapers of the attorney defending the licensed facility in litigation relating to the licensed facility and are subject to discovery, but are not admissible as evidence in court."
We conclude, however, that, consistent with case law interpreting identical provisions for hospitals in section 395.0197(4), Florida Statutes and Rule 1.280(b)(3), Fla. R. Civ. P., such reports are not discoverable absent a showing of need and inability without undue hardship to obtain a substantial equivalent from other sources. See Healthtrust, Inc.-the Hosp. v. Saunders, 651 So.2d 188 (Fla. 4th DCA 1995); Bay Med. Ctr. v. Sapp, 535 So.2d 308 (Fla. 1st DCA 1988).
While petitioner labels the documents privileged incident reports, the parties do not agree upon, nor does the record clearly indicate, their precise nature. If they are incident reports filed in compliance with section 400.147(4), they are discoverable upon a specific showing of need and inability to obtain equivalent information. If they are records from quality assurance/risk management meetings or communications regarding the like, they are not discoverable. Thus, an in camera inspection is necessary to review the documents requested to determine whether they are discoverable and whether respondent can demonstrate a need and inability to obtain a substantial equivalent of these documents from other sources.
Based on the foregoing, we grant the petition, quash the order granting the motion *939 to compel, and remand this matter for further proceedings consistent with this opinion.
KLEIN and GROSS, JJ., concur.
NOTES
[1] This section provides an exception: "However, if the Agency for Health Care Administration has a reasonable belief that conduct by a staff member or employee of a facility is criminal activity or grounds for disciplinary action by a regulatory board, the agency may disclose such records to the appropriate law enforcement agency or regulatory board."