ORFINGER, J.
Mariner Health Care of Metrowest, Inc. (Mariner), a nursing home operator, seeks certiorari review of a discovery order compelling it to produce grievance logs of consumer and employee complaints. Mariner argues that the logs are privileged. We grant the petition and quash the circuit court’s order.
Ada Best (Best) filed an action against Mariner, asserting a violation of a nursing home resident’s rights under section 400.022, Florida Statutes (2003). Through discovery, Best sought production of records of accidents or unusual incidents, including all records of consumer or employee complaints. Mariner objected to the production of these documents, asserting a “quality assurance privilege.” Best then moved to compel production.
After an evidentiary hearing, the trial court entered an order compelling Mariner to produce, inter alia:
7. Defendant [Mariner] shall answer interrogatory number 19, with respect to consumer and employee complaints (grievance logs and related documents), and identify the custodian of those records. Moreover, with respect to items 26 and 27 of Plaintiffs [Best] request to produce, Defendant shall furnish Plaintiff with copies of any and all grievance logs and related documents filed with, or created by the facility from January 1997 through December 2002.
Mariner argues that the discovery order departs from the essential requirements of law, resulting in irreparable harm. Mariner contends that the grievance logs were generated in the context of a quality assurance program under section 400.147, Florida Statutes (2003), and, therefore, are privileged under subsection (15) of that statute. Certiorari is appropriate to review trial court orders compelling production of discovery claimed to be privileged or otherwise protected, as this would present the potential of a departure from the essential requirements of law, which would cause material harm, leaving no adequate remedy on final appeal. See Snyder v. Value Rent-A-Car, 736 So.2d 780, 781 (Fla. 4th DCA 1999) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995)).
Section 400.147(1) requires all nursing home facilities to establish internal risk management and quality assurance programs. Each nursing home is required to implement an incident reporting system based on the affirmative duty to report adverse incidents. See § 400.147(l)(d), Fla. Stat. (2003). Each risk management and quality assurance program must include the use of incident reports filed with the risk manager and facility administrator. See § 400.147(4), Fla. Stat. (2003). These incident reports are part of the work papers of the attorney defending the facility in litigation and are subject to discovery, but are not admissible as evidence in court. Id.
Section 400.147(15) provides:
(15) Information gathered by a credentialing organization under a quality assurance program is not discoverable from the credentialing organization. This subsection does not limit discovery of, access to, or use of facility records, including those records from which the credentialing organization gathered its information.
We find Mariner’s reliance on this statute misplaced. Best is not seeking the information from a credentialing organization. Consequently, subsection 15 has no applh cation here. However, as Mariner correctly argued below, in 1620 Health Partners, L.C. v. Fluitt, 830 So.2d 935 (Fla. 4th DCA 2002), the court held that certain incident reports of a nursing home could be subject to discovery, but only after an in camera *67 inspection was conducted to review the documents and determine their discovera-bility.
In Fluitt, the estate of a nursing home patient sued the nursing home for wrongful death and violations of chapter 400, Florida Statutes. Through discovery, the estate sought “any and all records of accidents or unusual incidents referring in any way to the plaintiff.” The nursing home objected, asserting work-product, attorney-client, quality assurance, quality review and other statutory and rule privileges. The trial court compelled production of the documents without an in camera inspection. The nursing home sought certiorari relief in the Fourth District Court asserting that the reports at issue were generated and used in anticipation of litigation, and were also privileged under the quality assurance, peer review and risk management privileges set forth in various state statutes and federal rules. The appellate court concluded that if the documents were incident reports prepared in compliance with section 400.147(4), they might be discoverable. However, if the records were from quality assurance/risk management meetings or communications regarding the like, they were not discoverable. Id. at 938.[1] As a result, the court determined that an in camera inspection was necessary for the trial court to determine the discoverability of the documents because the record did not reveal the nature of the documents being sought. Id. As to reports generated under section 400.147(4), the Fluitt court held that such documents were discoverable, but only after a showing of need and the inability without undue hardship to obtain the substantial equivalent from other sources. We agree with that assessment.
We conclude that the petition for writ of certiorari should be granted and the discovery order quashed. On remand, the trial court should hold an in camera inspection of the documents. As in Fluitt, the precise nature of the grievance logs and related documents sought by Best is unclear. If these documents were generated under section 400.147(4), under the holding in Fluitt, they would be subject to discovery. However, as Fluitt suggests, such reports would only be discoverable upon a showing of need and the inability without undue hardship to obtain a substantial equivalent from other sources.
CERTIORARI GRANTED; ORDER QUASHED.
PETERSON and PALMER, JJ., concur.

. Section 400.119(1), Florida Statutes (2003), provides for confidentiality of “[r]ecords of meetings of the risk management and quality assurance committee of a long-term care facility ..., as well as incident reports filed with the facility's risk manager and administrator, notifications of the occurrence of an adverse incident, and adverse incident reports from the facility are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution.”