976 So.2d 28 (2008)
LLOYD'S UNDERWRITERS AT LONDON, a corporation authorized and doing business in Florida, Petitioner,
v.
EL-AD VILLAGIO CONDOMINIUM ASSOCIATION, INC., a Florida non-profit corporation, Respondent.
No. 4D07-3876.
District Court of Appeal of Florida, Fourth District.
January 23, 2008.
Rehearing Denied April 4, 2008.
Philip D. Parrish of Philip D. Parrish, P.A., Miami, and William Berk of Berk, Merchant & Sims, PLC, Coral Gables, for petitioner.
Keith J. Lambdin of Garfinkel Trial Group, Orlando, for respondent.
PER CURIAM.
Petitioner Lloyd's Underwriters at London (LLOYD's), defending a breach of contract *29 action by its insured, respondent El-Ad Villagio Condominium Association, Inc., challenges a trial court order denying its motion for protective order. LLOYD's argues that the trial court order requires it to disclose documents protected by the work product privilege, including reports written by and communicated among insurance adjusters, prior to a determination of coverage and the extent of damages.
Specifically, the trial court's order required production of the entire file of a representative of CJW Associates, retained by LLOYD's to assist in investigation and evaluation of the insurance claim against it, relating to the claimant El-Ad Villagio Condominium Association, Inc., "cover to cover, including but not limited to all job assignment forms, receipts, correspondence, memorandum and every other document, note or paper contained therein."
In denying LLOYD's motion for protective order, the trial court found a "compelling interest" in the production of the documents and that they were not work product. However, the record shows that the trial court failed to conduct an in camera inspection of the documents before making the latter determination. No copy of the privilege log, if prepared and filed below, has been made part of this court's record to review. We are unable to determine on this record whether the conclusion that the work product privilege did not apply to the documents in dispute constitutes a departure from the essential requirements of law, as petitioner contends. For example, in State Farm Florida Insurance Co. v. Gallmon, 835 So.2d 389 (Fla. 2d DCA 2003), the second district quashed a trial court order similarly directing an insurer in a first party breach of contract action to produce its claims files in great detail. The second district found that the materials requested were work product or irrelevant.
Accordingly, we remand for the trial court to conduct further proceedings in accordance with Cotton States Mutual Insurance Co. v. Turtle Reef Associates, Inc., 444 So.2d 595 (Fla. 4th DCA 1984). The trial court shall determine whether the items ordered to be produced constitute work product, and if so, whether respondent is entitled to discovery of them notwithstanding that designation pursuant to rule 1.280, Florida Rules of Civil Procedure. See Dismas Charities, Inc. v. Dabbs, 795 So.2d 1038 (Fla. 4th DCA 2001); Carriage Homes at Terra Mar Condo. Ass'n v. Kennedy Group, Ltd., 637 So.2d 331 (Fla. 4th DCA 1994).
Certiorari granted; trial court order quashed and case remanded.
STONE, STEVENSON and HAZOURI, JJ., concur.