PER CURIAM.
 

 We grant the petition for writ of certio-rari because the trial court departed from the essential requirements of the law by ordering the production of documents and
 
 *625
 
 an answer to interrogatories without first conducting an
 
 in camera
 
 inspection to determine the precise nature of the ostensibly privileged documents and to further determine the applicability of the work product and statutory privileges.
 

 Specifically, with respect to the document dated December 8, 2007, the trial court should determine if it is discoverable pursuant to section 400.147(4), Florida Statutes (2011).
 
 See Manner Health Care of Metrowest, Inc. v. Best,
 
 879 So.2d 65, 67 (Fla. 5th DCA 2004) (if record discoverable pursuant to section 400.147(4), need and inability to obtain substantial equivalent from other sources without undue hardship must be shown). As to the document dated December 10, 2007 (and all documents identified by Bates numbers 00032-55), the trial court must determine whether these documents fall within the privilege identified in section 400.147(8)(d), or any other applicable privilege asserted by Springhill Health Care Associates, LLC, in its response. Concerning the last document, although we view the assertion of privilege with some skepticism given the nature of the document, the trial court should consider the applicability of section 415.107(1), before compelling the production of the document. Additionally, the trial court should also address the claimed privileges to the interrogatory.
 

 PETITION GRANTED; ORDER QUASHED.
 

 GRIFFIN, SAWAYA and TORPY, JJ„ concur.