PER CURIAM.
The Florida Bar’s Civil Procedure Rules Committee (Committee) filed an out-of-cycle report proposing amendments to the Florida Rules of Civil Procedure to address discovery of electronically stored information (ESI). We have jurisdiction. See art. V, § 2(a), Fla. Const.
BACKGROUND
The Committee proposes amendments to seven civil procedure rules: 1.200 (Pretrial Procedure); 1.201 (Complex Litigation); 1.280 (General Provisions Governing Discovery); 1.340 (Interrogatories to Parties); 1.350 (Production of Documents and Things and Entry Upon Land for Inspection and Other Purposes); 1.380 (Failure to Make Discovery; Sanctions); and 1.410 (Subpoena). The Committee’s proposals were unanimously approved by The Florida Bar Board of Governors. After the Committee submitted its report to the Court, the Court published the proposed amendments in The Florida Bar News for public comment. We received and considered comments from several organizations and members of the Bar. We have also considered the issues discussed during the oral argument in this case. As explained below, we adopt the amendments as proposed by the Committee.
AMENDMENTS
First, rule 1.200 (Pretrial Procedure) is amended to allow the trial court to consider various issues related to electronic discovery during a pretrial conference, including the possibility of obtaining admissions of fact, the voluntary exchange of documents and electronically stored information, and stipulations regarding the authenticity of documents and electronically stored information; the need for advance rulings on the admissibility of some documents or ESI; and finally, specifically as to electronically stored information, the possibility of an agreement between the parties regarding the extent to which such information should be preserved and the form in which it should be produced. Similarly, rule 1.201 (Complex Litigation) is also amended to require the parties in a complex civil case to address the possibility of an agreement between them addressing the extent to which electronic information should be preserved and the form in which it should be produced.
Next, rule 1.280 (General Provisions Governing Discovery) is amended to expressly authorize discovery of electronical *77 ly stored information. Rule 1.280 is also amended to add new subdivision (d), which provides some specific limitations on discovery of ESI; the subsequent subdivisions are relettered accordingly. Under new subdivision (d)(1), a person may object to a discovery request seeking electronically stored information. On a motion to compel discovery, or a motion for a protective order, the person from whom the discovery is sought must show that the information sought or the format requested is not reasonably accessible because of undue burden or cost. If this showing is made, the court may nonetheless order the discovery if the requesting party shows good cause. However, the court may specify certain conditions of discovery, including ordering that some or all of the expenses incurred while complying with the discovery request be paid by the party seeking the discovery. Under subdivision (d)(2) the court, in addressing a motion pertaining to discovery of ESI, must limit the frequency or extent of discovery if it determines that the information sought is: (i) unreasonably cumulative or duplicative, or can be obtained from another source or in another manner that is more convenient, less burdensome, or less expensive; or (ii) the burden or expense of the discovery outweighs its likely benefit.
Rule 1.340 (Interrogatories to Parties) and rule 1.350 (Production of Docuinents and Things and Entry Upon Land for Inspection and Other Purposes) are both amended to allow for the production of electronically stored information, either as an answer to an interrogatory or in response to a specific request. Both rules provide for a party to produce the ESI in the form in which it is ordinarily maintained or in a reasonably usable form.
Rule 1.380 (Failure to Make Discovery; Sanctions) is amended to provide that, absent exceptional circumstances, a court may not impose sanctions on a party for failing to provide electronically stored information that was lost as a result of the routine, good-faith operation of an electronic information system.
Finally, rule 1.410 (Subpoena) is amended to authorize a subpoena requesting electronically stored information. A person receiving a subpoena may object to the discovery of the ESI. The person from whom discovery is sought must show that the information or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order the discovery if the requesting party shows good cause and consistent with the limitations provided in ' rule 1.280(d)(2) discussed above. The court may also specify conditions of the discovery, including ordering that some or all of the expenses be paid by the party seeking the discovery.
CONCLUSION
Accordingly, we amend the Florida Rules of Civil Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. These amendments shall become effective September 1, 2012, at 12:02 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 1.200. PRETRIAL PROCEDURE
(a) Case Management Conference. At any time after responsive pleadings or *78 motions are due, the court may order, or a party by serving a notice may convene, a case management conference. The matter to be considered shall be specified in the order or notice setting the conference. At such a conference the court may:
(1) — (4) [No Change]
(5) consider the possibility of obtaining admissions of fact and voluntary exchange of documents and electronically stored information, and stipulations regarding authenticity of documents and electronically stored information;
(6) consider the need for advance rulings from the court on the admissibility of documents and electronically stored information;
(7) discuss as to electronically stored information, the possibility of agreements from the parties regarding the extent to which such evidence should be preserved, the form in which such evidence should be produced, and whether discovery of such information should be conducted in phases or limited to particular individuals, time periods, or sources;
(58) schedule disclosure of expert witnesses and the discovery of facts known and opinions held by such experts;
(69) schedule or hear motions in li-mine;
(710) pursue the possibilities of settlement;
(811) require filing of preliminary stipulations if issues can be narrowed;
(912) consider referring issues to a magistrate for findings of fact; and
(1013) schedule other conferences or determine other matters that may aid in the disposition of the action.
(b)-(d) [No Change]
Committee Notes
1971-1992 Amendments. [No Change]
2012 Amendment. Subdivisions (a)(5) to (a)(7) are added to address issues involving electronically stored information.
Court Commentary
[No Change]
RULE 1.201. COMPLEX LITIGATION
(a) [No Change]
(b) Initial Case Management Report and Conference. The court shall hold an initial case management conference within 60 days from the date of the order declaring the action complex.
(1) At least 20 days prior to the date of the initial case management conference, attorneys for the parties as well as any parties appearing pro se shall confer and prepare a joint statement, which shall be filed with the clerk of the court no later than 14 days before the conference, outlining a discovery plan and stating:
(A)-(I) [No Change]
(J) the possibility of obtaining agreements among the parties regarding the extent to which such electronically stored information should be preserved, the form in which such information should be produced, and whether discovery of such information should be conducted in phases or limited to particular individuals, time periods, or sources;
(JK) suggestions on the advisability and timing of referring matters to a magistrate, master, other neutral, or mediation;
(KL) a preliminary estimate of the time required for trial;
(LM) requested date or dates for conferences before trial, a final pretrial conference, and trial;
*79 (MN) a description of pertinent documents and a list of fact witnesses the parties believe to be relevant;
(NO) number of experts and fields of expertise; and
(OP) any other information that might be helpful to the court in setting further conferences and the trial date.
(2) — (3) [No Change]
(c) The Case Management Order. The case management order shall address each matter set forth under rule 1.200(a) and set the action for a pretrial conference and trial. The case management order also shall specify the following:
(1) Dates by which all parties shall name their expert witnesses and provide the expert information required by rule 1.280(b)(45). If a party has named an expert witness in a field in which any other parties have not identified experts, the other parties may name experts in that field within 30 days thereafter. No additional experts may be named unless good cause is shown.
(2) — (6) [No Change]
(d) [No Change]
Committee Notes
2012 Amendment._Subdivision (b)(l)(J) is added to address issues involving electronically stored information.
RULE 1.280. GENERAL PROVISIONS GOVERNING DISCOVERY
(a) [No Change]
(b) Scope of Discovery. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
(l)-(2) [No Change]
(3) Electronically Stored Information. A party may obtain discovery of electronically stored information in accordance with these rules.
(34) Trial Preparation: Materials. Subject to the provisions of subdivision (b)(45) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that part/s representative, including that party’s attorney, consultant, surety, in-demnitor, insurer, or agent, only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of the materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Without the required showing a party may obtain a copy of a statement concerning the action or its subject matter previously made by that party. Upon request without the required showing a person not a party may obtain a copy of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for an order to obtain a copy. The provisions of rule 1.380(a)(4) apply to the award of expenses incurred as a result of making the motion. For purposes of this paragraph, a statement previously made is a written statement signed or otherwise adopted or approved by the person making it, or a stenographic, mechanical, electrical, or other recording or transcription of it that is a substantially verbatim recital of an oral statement by *80 the person making it and contemporaneously recorded.
(45) Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provisions of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows:
(A)(i) By interrogatories a party may require any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.
(ii) Any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial may be deposed in accordance with rule 1.390 without motion or order of court.
(iii) A party may obtain the following discovery regarding any person disclosed by interrogatories or otherwise as a person expected to be called as an expert witness at trial:
1. The scope of employment in the pending case and the compensation for such service.
2. The expert’s general litigation experience, including the percentage of work performed for plaintiffs and defendants.
3. The identity of other cases, within a reasonable time period, in which the expert has testified by deposition or at trial.
4. An approximation of the portion of the expert’s involvement as an expert witness, which may be based on the number of hours, percentage of hours, or percentage of earned income derived from serving as an expert witness; however, the expert shall not be required to disclose his or her earnings as an expert witness or income derived from other services.
An expert may be required to produce financial and business records only under the most unusual or compelling circumstances and may not be compelled to compile or produce nonexistent documents. Upon motion, the court may order further discovery by other means, subject to such restrictions as to scope and other provisions pursuant to subdivision (b)(45)(C) of this rule concerning fees and expenses as the court may deem appropriate.
(B) A party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in rule 1.360(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.
(C) Unless manifest injustice would result, the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(45)(A) and (b)(45)(B) of this rule; and concerning discovery from an expert obtained under subdivision (b)(45)(A) of this rule the court may require, and concerning discovery obtained under subdivision (b)(45)(B) of this rule shall require, the party seeking discovery to pay the other party a *81 fair part of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.
(D) As used in these rules an expert shall be an expert witness as defined in rule 1.390(a).
(56) Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.
(c) [No Change]
(d) Limitations on Discovery of Electronically Stored Information.
(1) A person may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of burden or cost. On motion to compel discovery or for a protective order, the person from whom discovery is sought must show that the information sought or the format requested is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order the discovery from such sources or in such formats if the requesting party shows good cause. The court may specify conditions of the discovery, including ordering that some or all of the expenses incurred by the person from whom discovery is sought be paid by the party seeking the discovery.
(2) In determining any motion involving discovery of electronically stored information, the court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from another source or in another manner that is more convenient, less burdensome, or less expensive; or (ii) the burden or expense of the discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties’ resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
(de) Sequence and Timing of Discovery. Except as provided in subdivision (b)(45) or unless the court upon motion for the convenience of parties and witnesses and in the interest of justice orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not delay any other party’s discovery.
(ef) Supplementing of Responses. A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement the response to include information thereafter acquired.
(fg) Court Filing of Documents and Discovery. Information obtained during discovery shall not be filed with the court until such time as it is filed for good cause. The requirement of good cause is satisfied only where the filing of the information is allowed or required by another applicable rule of procedure or by court order. All filings of discovery documents shall comply with Florida Rule of Judicial Administration 2.425. The court shall have the authority to impose sanctions for violation of this rule.
*82 Committee Notes
1972-2011 Amendments. [No Change]
2012 Amendment. Subdivisions (b)(3) and (d) are added to address discovery of electronically stored information.
The parties should consider conferring with one another at the earliest practical opportunity to discuss the reasonable scope of preservation and production of electronically stored information. These issues may also be addressed by means of a rule 1.200 or rule 1.201 case management conference.
Under the good cause test in subdivision (d)(1), the court should balance the costs and burden of the requested discovery, including the potential for disruption of operations or corruption of the electronic devices or systems from which discovery is sought, against the relevance of the information and the requesting party’s need for that information. Under the proportionality and reasonableness factors set out in subdivision (d)(2), the court must limit the frequency or extent of discovery if it determines that the discovery sought is excessive in relation to the factors listed.
In evaluating the good cause or proportionality tests, the court may find its task complicated if the parties know little about what information the sources at issue contain, whether the information sought is relevant, or how valuable it may be to the litigation. If appropriate, the court may direct the parties to develop the record further by engaging in focused discovery, including sampling of the sources, to learn more about what electronically stored information may be contained in those sources, what costs and burdens are involved in retrieving, reviewing, and producing the information, and how valuable the information sought may be to the litigation in light of the availability of information from other sources or methods of discovery, and in light of the parties’ resources and the issues at stake in the litigation.
Court Commentary
[No Change]
RULE 1.340. INTERROGATORIES TO PARTIES
(a)-(b) [No Change]
(c) Option to Produce Records. When the answer to an interrogatory may be derived or ascertained from the records (including electronically stored information) of the party to whom the interrogatory is directed or from an examination, audit, or inspection of the records or from a compilation, abstract, or summary based on the records and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party to whom it is directed, an answer to the interrogatory specifying the records from which the answer may be derived or ascertained and offering to give the party serving the interrogatory a reasonable opportunity to examine, audit, or inspect the records and to make copies, compilations, abstracts, or summaries is a sufficient answer. An answer shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party interrogated, the records from which the answer may be derived or ascertained, or shall identify a person or persons representing the interrogated party who will be available to assist the interrogating party in locating and identifying the records at the time they are produced. If the records to be produced consist of electronically stored information, the records shall be produced in a form or forms in which they are ordinarily maintained or in a reasonably usable form or forms.
*83 (d) [No Change]
(e) Service and Filing. Interrogatories shall be arranged so that a blank space is provided after each separately numbered interrogatory. The space shall be reasonably sufficient to enable the answering party to insert the answer within the space. If sufficient space is not provided, the answering party may attach additional papers with answers and refer to them in the space provided in the interrogatories. The interrogatories shall be served on the party to whom the interrogatories are directed and copies shall be served on all other parties. A certificate of service of the interrogatories shall be filed, giving the date of service and the name of the party to whom they were directed. The answers to the interrogatories shall be served upon the party originally propounding the interrogatories and a copy shall be served on all other parties by the answering party. The original or any copy of the answers to interrogatories may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(fg) by any party when the court should consider the answers to interrogatories in determining any matter pending before the court. The court may order a copy of the answers to interrogatories filed at any time when the court determines that examination of the answers to interrogatories is necessary to determine any matter pending before the court.
Committee Notes
1972-2011 Amendments. [No Change]
2012 Amendment. Subdivision (c) is amended to provide for the production of electronically stored information in answer to interrogatories and to set out a procedure for determining the form in which to produce electronically stored information.
Court Commentary
[No Change]
RULE 1.350. PRODUCTION OF DOCUMENTS AND THINGS AND ENTRY UPON LAND FOR INSPECTION AND OTHER PURPOSES
(a) Request; Scope. Any party may request any other party (1) to produce and permit the party making the request, or someone acting in the requesting party’s behalf, to inspect and copy any designated documents, including electronically stored information, writings, drawings, graphs, charts, photographs, phono-rec-ords, and other data compilations from which information can be obtained,.translated, if necessary, by the party to whom the request is directed through detection devices into reasonably usable form, that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; (2) to inspect and copy, test, or sample any tangible things that constitute or contain matters within the scope of rule 1.280(b) and that are in the possession, custody, or control of the party to whom the request is directed; or (3) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation on it within the scope of rule 1.280(b).
(b) Procedure. Without leave of court the request may be served on the plaintiff after commencement of the action and on any other party with or after service of the process and initial pleading on that party. The request shall set forth the items to be inspected, either by individual item or cat *84 egory, and describe each item and category with reasonable particularity. The request shall specify a reasonable time, place, and manner of making the inspection or performing the related acts. The party to whom the request is directed shall serve a written response within 30 days after service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading on that defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for the objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. When producing documents, the producing party shall either produce them as they are kept in the usual course of business or shall identify them to correspond with the categories in the request. A request for electronically stored information may specify the form or forms in which electronically stored information is to be produced. If the responding party objects to a requested form, or if no form is specified in the request, the responding party must state the form or forms it intends to use. If a request for electronically stored information does not specify the form of production, the producing party must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. The party submitting the request may move for an order under rule 1.380 concerning any objection, failure to respond to the request, or any part of it, or failure to permit the inspection as requested.
(c) [No Change]
(d) Filing of Documents. Unless required by the court, a party shall not file any of the documents or things produced with the response. Documents or things may be filed in compliance with Florida Rule of Judicial Administration 2.425 and rule 1.280(£g) when they should be considered by the court in determining a matter pending before the court.
Committee Notes
1972-2011 Amendments. [No Change]
2012 Amendment. Subdivision (a) is amended to address the production of electronically stored information. Subdivision (b) is amended to set out a procedure for determining the form to be used in producing electronically stored information.
RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
(a)-(d) [No Change]
(e)Electronically Stored Information; Sanctions for Failure to Preserve. Absent exceptional circumstances, a court may not impose sanctions under these rules on a party for failing to provide electronically stored information lost as a result of the routine, good faith operation of an electronic information system.
Committee Notes
1972-2005 Amendments. [No Change]
2012 Amendment. Subdivision (e) is added to make clear that a party should not be sanctioned for the loss of electronic evidence due to the good-faith operation of an electronic information system; the language mirrors that of Federal Rule of Civil Procedure 37(e). Nevertheless, the good-faith requirement contained in subdivision (e) should prevent a party from exploiting the routine operation of an information system to thwart discovery obligations by allowing that operation to destroy information that party is required to preserve or produce. In determining good faith, the court may consider any steps taken by the party to comply with court orders, party *85 agreements, or requests to preserve such information.
RULE 1.410. SUBPOENA
(a)-(b) [No Change]
(c) For Production of Documentary Evidence. A subpoena may also command the person to whom it is directed to produce the books, papers, documents (including electronically stored information), or tangible things designated therein, but the court, upon motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable and oppressive, or (2) condition denial of the motion upon the advancement by the person in whose behalf the subpoena is issued of the reasonable cost of producing the books, papers, documents, or tangible things. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. A person responding to a subpoena may object to discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue costs or burden. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought or the form requested is not reasonably accessible because of undue costs or burden. If that showing is made, the court may nonetheless order discovery from such sources or in such forms if the requesting party shows good cause, considering the limitations set out in rule 1.280(d)(2). The court may specify conditions of the discovery, including ordering that some or all of the expenses of the discovery be paid by the party seeking the discovery. A party seeking a production of evidence at trial which would be subject to a subpoena may compel such production by serving a notice to produce such evidence on an adverse party as provided in rule 1.080. Such notice shall have the same effect and be subject to the same limitations as a subpoena served on the party.
(d)-(h) [No Change]
Committee Notes
1972-2012 Amendments. [No Change]
2012 Amendment. Subdivision (c) is amended to address the production of electronically stored information pursuant to a subpoena. The procedures for dealing with disputes concerning the accessibility of the information sought or the form for its production are intended to correspond to those set out in Rule 1.280(d).