DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE CITY OF PORT ST. LUCIE,**
Petitioner,

v.

**VALLERIE FOLLANO,**
Respondent.

No. 4D15-2642

[October 7, 2015]

Petition for writ of certiorari to the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Janet Croom, Judge; L.T. Case No. 562013CA000999.

Carri S. Leininger and James O. Williams, Jr. of Williams, Leininger & Cosby, P.A., North Palm Beach, for petitioner.

James L.S. Bowdish and Donna E. DeMarchi of Crary Buchanan, P.A., Port St. Lucie, for respondent.

PER CURIAM.

Petitioner, the City of Port St. Lucie, seeks certiorari review of an order compelling production of certain photographs, which it claims are protected work product. The trial court found the photographs discoverable under Florida Rule of Civil Procedure 1.280(b)(4) but failed to conduct an in camera review before making that determination. We therefore grant the City's petition, quash the trial court's order, and remand for an in camera review and an evidentiary hearing.

Respondent, Vallerie Follano, sued the City for negligence after stepping into an uncovered sewer valve access pipe up to her knee. The City took photographs of the area on the day of the incident, after Follano was extracted by the fire department. The photographs show the uncovered pipe, but the City claims the surrounding area had been altered significantly by the firefighters. Follano took photographs of the area the next day, but the pipe had been covered by that time.

Follano moved to compel production of the City's photographs over the City's claim of work product privilege. She argued the City's photographs are the only available evidence of how the pipe appeared on the day of the incident since the area was later completely reconstructed. The trial court granted the motion based on the testimony of Follano's counsel, without reviewing the City's photographs, simply finding that "the photographs cannot be obtained by any other measure." The court denied the City's request to review the photographs in camera.

Certiorari review is appropriate when a discovery order departs from the essential requirements of law, causing material injury throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal. *See Bd. of Trs. of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC*, 99 So. 3d 450, 454-55 (Fla. 2012); *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 (Fla. 1995). "An order compelling production of privileged work product materials from a litigant's file is exactly the type of discovery order properly reviewable by certiorari. Once a litigant is compelled to produce work product, the cat is out of the bag and the harm is done." *Nat'l Car Rental Sys., Inc. v. Kosakowski*, 659 So. 2d 455, 456 (Fla. 4th DCA 1995) (citations omitted). We therefore accept jurisdiction to review the trial court's order in this case.

Florida Rule of Civil Procedure 1.280(b)(4) provides that a party may be ordered to produce privileged work product "only upon a showing that the party seeking discovery has need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." In *Snyder v. Value Rent-A-Car*, 736 So. 2d 780 (Fla. 4th DCA 1999), this Court held that when a work product privilege is asserted, the trial court must conduct an in camera inspection of the material at issue in order to determine whether the privilege applies. The court can then consider whether the material is discoverable under Rule 1.280. *Id.* at 782; *see also Lloyd's Underwriters at London v. El-Ad Villagio Condo. Ass'n*, 976 So. 2d 28, 29 (Fla. 4th DCA 2008); *Town Ctr. @ Boca Raton Trust v. Hirokawa*, 789 So. 2d 1230, 1231-32 (Fla. 4th DCA 2001).[1]

The trial court in this case departed from the essential requirements of law by failing to conduct an in camera review before determining that the City's photographs were discoverable under Rule 1.280. Such a review is

---

[1] These cases refer to Rule 1.280(b)(3), but the subsection was renumbered as (b)(4) in 2012. *See In re Amendments to the Fla. Rules of Civil Procedure—Elec. Discovery*, 95 So. 3d 76, 79-80 (Fla. 2012).

necessary to determine whether the City's photographs provide the evidentiary value Follano claims and whether Follano could obtain substantially equivalent photographs without undue hardship.

We reject Follano's argument that an in camera inspection is not required when, as here, the party seeking discovery concedes that the material at issue constitutes work product, but argues that it is nevertheless discoverable under Rule 1.280. The inspection is intended, in part, to assist the trial court in making the factual determinations required by the rule. *See, e.g.*, *Fla. E. Coast Ry., LLC v. Jones*, 847 So. 2d 1118, 1119 (Fla. 1st DCA 2003) ("[W]e direct the trial court to hold an evidentiary hearing to determine whether the plaintiff could make the requisite showing of need and undue hardship. In doing so the trial court should review the materials in camera to determine whether [the plaintiff] can meet his burden under [the Rule].").

We therefore grant the City's petition and quash the trial court's order granting Follano's motion to compel. On remand, the trial court is directed to conduct an in camera review of the City's photographs and hold an evidentiary hearing to determine whether Follano has met her burden under Rule 1.280(b)(4).

*Petition for writ of certiorari granted; order quashed; remanded for further proceedings consistent with this opinion.*

GROSS, LEVINE and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**